BOARDMAN, Judge.
Frederick Debord appeals a judgment and sentence for grand theft, contending that the trial court erred in denying his motion to suppress. We reverse.
On January 3, 1981, the police arrested one Walter Johnson for a drug violation. In a search incident to that arrest, certain stolen items were discovered in Johnson’s possession. Johnson informed the arresting officers that the stolen goods belonged not to him, but to appellant. This information was relayed to Detective Moore, who apparently was in charge of the investigation of the burglary in which the goods were stolen. Although Moore had not personally interviewed Johnson, he stated that he had in a sworn affidavit.
The affidavit indicates that Moore contacted Johnson and that Johnson told the affiant/officer that the stolen items had previously been in appellant’s possession. This was not so; the affiant had never contacted or interviewed Johnson. Based on this affidavit, an arrest warrant was served on appellant. In a search incident to the execution of that warrant, certain statements and tangible items were obtained from appellant. Appellant sought suppression of these statements and items.
Where an affidavit forms the actual basis of a warrant, the trial court has the duty to determine if the statements contained therein are, in fact, untrue. If so, the court is permitted to excise the false parts of the affidavit. If the remaining allegations of the affidavit will still support a probable cause determination, then the court may find that the warrant is valid. If not, then the warrant is invalid, and the arrest is unlawful. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); State v. Bogard, 388 So.2d 1296 (Fla. 4th DCA 1980).
Under the circumstances here, the entire portion of the affidavit concerning Johnson’s alleged statements should have been excised. Without these statements, probable cause will not lie to support the warrant on the basis of the affidavit. Therefore, appellant’s arrest was unlawful. Since the aforementioned statements and items were a product of the unlawful arrest, they should have been suppressed as fruits thereof. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Accordingly, appellant’s judgment and sentence is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, A.C.J., and RYDER, J., concur.