459 So.2d 321 (1984)
The STATE of Florida, Appellant,
v.
Joseph Nunze MARROW, Appellee.
No. 84-189.
District Court of Appeal of Florida, Third District.
June 12, 1984.
Rehearing Denied July 13, 1984.
*322 Jim Smith, Atty. Gen. and Renee E. Ruska, Asst. Atty. Gen., for appellant.
Mark King Leban, Goodhart, Rosner & Green, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
At a hearing conducted on the defendant's challenge to the veracity of a sworn statement used by the police to procure a search warrant, it was revealed without dispute that notwithstanding the affiant's sworn statement in the affidavit for the search warrant that "your affiant received information from a reliable confidential informant," in fact, the affiant had never communicated with the alleged confidential informant, but had spoken only to a fellow police officer, who told the affiant about the reliability of the confidential informant and the information which the informant gave.
We affirm the trial court's order suppressing the evidence seized pursuant to the search warrant upon a holding that (1) where, as here, the affiant clearly implied that the critical conversation discussed in the affidavit was between the confidential informant and him, even though the affiant did not expressly state that he "personally" spoke to or interviewed the informant, see, e.g., Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); United States v. Davis, 714 F.2d 896 (9th Cir.1983); Debord v. State, 422 So.2d 881 (Fla. 2d DCA 1982), the affiant's statement is at least recklessly false; (2) the fact that probable cause existed and could have been readily shown by a truthful affidavit stating that the affiant's information came from a fellow officer does not change the result, since it is the truth of the affiant's statement, not the truth of the confidential informant's statement, that is material to the magistrate's decision to issue the search warrant, United States v. Davis, 714 F.2d 896; and (3) since after the required excision of the false information concerning the confidential informant, see Franks v. Delaware, 438 U.S. at 172, 98 S.Ct. at 2684, there are not sufficient facts in the affidavit to support a finding of probable cause, the warrant is thus invalid, and suppression of the evidence seized thereunder was properly granted.
Affirmed.