483 So.2d 844 (1986)
Charles Canova HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. BF-500.
District Court of Appeal of Florida, First District.
February 27, 1986.
*845 Daniel A. McKeever, Jr., Live Oak, for appellant.
Jim Smith, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant appeals the trial court's denial of his motion to suppress evidence seized from the interior of his home. We reverse.
Specifically reserving his right to appeal the denial of his motion to suppress, appellant pled nolo contendere to the charges of manufacturing cannabis and possession of more than twenty grams of cannabis. Appellant was charged after officers seized evidence from both the interior and the exterior of his home pursuant to a search warrant. The probable cause set forth in the affidavit for the search warrant related the following:
On September 25, 1984 at approximately 11:45 a.m. while on routine aerial surveillance Inv. Dale Parrish, Columbia County Sheriff's office, Affiant and Inv. Al Williams, State Attorney's Office, Third Circuit, did observe marijuana growing next to a red brick house and inside a fence surrounding the house (a further description of said house/curtilage is contained herein) located just off S.R. 238. The affiant has been a law enforcement officer for 14 years and has seen and identified growing marijuana approximately 200 times. On all occasions when affiant identified growing marijuana/cannabis and then sent the plants to the Florida Department of Law Enforcement Laboratory for expert analysis, the lab test performed by the Florida Department of Law Enforcement Crime Laboratory in Tallahasse, FL has proved positive for cannabis/marijuana.
In the affidavit, the premises to be searched were described as follows:
Starting at the intersection of U.S. 41S and Interstate 75 located in Columbia County, Florida, then proceed north on U.S. 41 for approximately three-tenths of a mile, to the intersection of U.S. 41 and S.R. 238. Then turn right (east) on S.R. 238 and travel for approximately sixtenths of a mile to a paved driveway located on the right (south) side of S.R. 238. Turn right (south) and follow paved driveway up to the residence. This is the residence to be searched. The residence is a red brick house trimmed in white and there is a fence around the yard. Inside the fence is a swimming pool and a small building.
The search warrant issued by the county judge tracked the above descriptive language and thus included the "residence" in *846 the area to be searched. The officers executed the warrant, and seized two growing marijuana plants from the exterior of the home, as well as cannabis, cannabis seeds, gram scales, and pills from the interior of the home.
Appellant does not challenge the sufficiency of the warrant to seize the plants from the exterior of the home. The issue in this case is whether the affidavit was sufficient to establish probable cause for the issuance of the warrant to search the interior of the home. We find that it was not.
Section 933.18, Florida Statutes, provides that a search warrant shall not be issued for the search of a private dwelling unless, in pertinent part:
(5) The law relating to narcotics or drug abuse is being violated therein.
The statute further provides:
No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based.
In State v. Bernie, 472 So.2d 1243 (Fla. 2d DCA 1985), the court stated:
In strictly construing section 933.18, as we must, [footnote omitted] we find that the requirements of this section are clear  (a) a present or known violation of a narcotics law must exist in the home to be searched prior to the issuance of the warrant for the search of that home, and (b) this fact must be alleged in the supporting affidavit. Without this allegation of a present violation of the law, a warrant would not be issued in accord with the statute and would be invalid.
In Bernie, the court found that the supporting affidavit was insufficient, under section 933.18, because it merely alleged that the defendants were expecting a package of contraband to be delivered to their residence, that the package would be delivered on a certain date, and, at that time, the contraband would be inside the residence. The court found that that "in futuro" language did not meet the section 933.18(5) requirement that the affidavit must allege that a violation of the narcotics laws "is being violated therein." Thereupon, the affidavit was found to be inadequate and thus the warrant was declared invalid. However, the court then proceeded to discuss the "good faith" exception set forth in United States v. Leon, 468 U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), in which the court introduced a "cost benefit approach," holding that the exclusionary rule should not be applied to evidence obtained as a result of an illegal search when the officer conducting the search acted in "objectively reasonable reliance" on a warrant issued by a "detached and neutral magistrate" that is subsequently determined to be defective or invalid. In Bernie, the court found that under the Leon approach, exclusion of the evidence in that case would be improper because "there is no police illegality and nothing to deter." Leon. The Bernie court found that the deputy did all that was asked of him and acted with objective good faith; he conducted an independent investigation, submitted all information to the circuit judge for a probable cause determination, and obtained a facially valid warrant authorizing the search of the residence.
In the instant case, as in Bernie, the supporting affidavit clearly failed to set forth the proper allegations pursuant to section 933.18 in regard to the interior of the home. Thus, the warrant was invalid as to the interior of the home and, unless the "good faith" exception applies, the evidence seized therein must be excluded.
In our view, the "good faith" exception is not applicable under the circumstances of this case. In Collins v. State, 465 So.2d 1266 (Fla. 2d DCA 1985) the affiant had not taken the requisite oath, pursuant to section 933.06, Florida Statutes, prior to signing a supporting affidavit. The court determined that although the search warrant was regular on its face, an unsworn affidavit is fundamentally defective and is not a "mere technicality that good faith can cure."
*847 As in Collins, in the instant case, we find a fundamental defect which is not conducive to the "good faith" cure. The issuing judge did not have a substantial basis for determining that probable cause existed to support the search warrant in regard to the home. The supporting affidavit contains absolutely no allegation in regard to any infraction of the law occurring inside the home. The only connection between the interior of the home and the allegations of contraband in the supporting affidavit is by remote inference on the part of the reader of the affidavit. The affiant himself made no such inference in the affidavit.
We recognize that in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the court declared:
[W]e reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable cause determinations. See Jones v. United States, [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)]; United States v. Ventresca, 380 U.S. 102, 13 L Ed.2d 684, 85 S Ct 741 (1965); Brinegar v. United States, 338 U.S. 160, 93 L Ed 1879, 69 S Ct 1302 (1949). The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. Jones... . (emphasis supplied)
The court further stated:
[I]t is clear that "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." [Spinelli v. United States, 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584 (1969).]...
Probable cause deals "with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," Brinegar... .
In our view, although a fair probability may exist that, if contraband is growing immediately outside a home, contraband might be found also inside the home, in the absence of any allegations to that effect in an affidavit for search warrant, an affidavit cannot be said to present a substantial basis of probable cause for the search of the interior of the home. Thus, in the absence of any supporting substantial basis for the search of a home, especially in light of the requirements of section 933.18, we cannot conclude that the search of the interior of a home in circumstances such as those involved in the instant case was an action in "objectively reasonable reliance" on the part of the officers to the extent that the good faith exception set forth in the Leon case may be applied. Even in Leon, the court recognized that suppression remains an appropriate remedy when the officer's reliance on the magistrate's probable cause determination is not objectively reasonable. The court declared that
... an officer [does not] manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Brown v. Illinois, 422 US, at 610-611, 45 L.Ed.2d 416, 95 S.Ct. 2254 [2265]... .
Since the supporting affidavit in the instant case was so deficient in establishing a substantial basis for determining that probable cause existed to search the interior of the home that even the executing officers cannot be said to have acted in "objectively reasonable reliance" upon the warrant, to the extent that the warrant issued authorized the search of the interior of the home, it was invalid. Therefore, the motion to suppress the items seized from the interior of the home should have been granted.
REVERSED.
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.