523 So.2d 744 (1988)
STATE of Florida, Appellant,
v.
Kathy BENEY and William Mosley, Appellees.
Nos. 87-670, 87-671.
District Court of Appeal of Florida, Fifth District.
April 14, 1988.
*745 Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellant.
Thomas W. Turner, Orlando, for appellees.
ORFINGER, Judge.
The State appeals from an order granting a motion to suppress evidence obtained by virtue of a search warrant. The trial court concluded that the affidavit on which the warrant was based (and which was the only information supplied to the issuing magistrate) contained material statements which were at least recklessly false, thus requiring suppression. We affirm.
In the affidavit for the issuance of the search warrant, Officer Porro stated that he had received information from a "confidential reliable source" that a quantity of a controlled substance was currently en route from New Jersey to Eustis, Florida. The affidavit also stated that this "confidential reliable source" had previously given reliable information to police officers concerning violations of narcotics laws. At the hearing on the motion to suppress, Officer Porro conceded that his information had been obtained not from a "confidential reliable source" but from a New Jersey police officer who had compiled information from other officers in New Jersey based on a court ordered wiretap. The reason given for not revealing the true source of the information was the desire to maintain the secrecy of the wiretap. We agree that the affidavit implies direct knowledge rather than the second and third hand information actually relied on, which seriously impacts on the finding of probable cause.
In Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) the Supreme Court held that where a warrant affidavit contains a false statement made either knowingly and intentionally or with reckless disregard for the truth, and
with the affidavit's false materials set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.
438 U.S. at 156, 98 S.Ct. at 2676.
In State v. Marrow, 459 So.2d 321 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla. 1984), a case remarkably similar to the one before us, the affiant's sworn statement in the affidavit for the search warrant related "Your affiant received information from a reliable confidential informant." In fact, the affiant had never communicated with the informant, but had spoken to a fellow police officer, who told the affiant about the reliability of the confidential informant and the information which the informant gave. The district court affirmed the order suppressing the evidence seized pursuant to the search warrant upon a holding that:

*746 (1) ... the affiant clearly implied that the critical conversation discussed in the affidavit was between the confidential informant and him, even though the affiant did not expressly state that he "personally" spoke to or interviewed the informant, see e.g., Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); United States v. Davis, 714 F.2d 896 (9th Cir.1983); Debord v. State, 422 So.2d 881 (Fla. 2d DCA 1982), [therefore] the affiant's statement is at least recklessly false; (2) The fact that probable cause existed or could have been readily shown by a truthful affidavit stating that the affiant's information came from a fellow officer does not change the result, since it is the truth of the affiant's statement, not the truth of the confidential informant's statement that is material to the magistrate's decision to issue the search warrant, United States v. Davis, 714 F.2d 896; and (3) since after the required excision of the false information concerning the confidential informant see Franks v. Delaware, 438 U.S. at 172, 98 S.Ct. at 2684, there are not sufficient facts in the affidavit to support a finding of probable cause, the warrant is thus invalid, and suppression of the evidence seized thereunder was properly granted.
459 So.2d at 322.
While observations of other officers engaged in a common investigation are a reliable basis for a warrant applied for by one of their numbers, to comply with the requirement of particularity and to enable the magistrate to make an independent probable cause evaluation, the agent must state in his affidavit that he is relying upon other officers. See United States v. Kirk, 781 F.2d 1498, 1505 (11th Cir.1986). As the court noted in United States v. Broward, 594 F.2d 345, 351 (2d Cir.1979), cert. denied, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979), the police should use other available methods for protecting informants other than inserting false information into the affidavit.
The State argues that the good faith exception of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) should apply so as to preclude suppression. However, in Leon, the Supreme Court cautioned that
Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.
468 U.S. at 923, 104 S.Ct. at 3421, citing Franks v. Delaware, supra. Moreover, the fact that probable cause did exist and could have been established by a truthful affidavit does not cure the error. United States v. Davis, 714 F.2d 896 (9th Cir.1983).
AFFIRMED.
DAUKSCH and COBB, JJ., concur.