532 So.2d 80 (1988)
Robert Milton GRIFFITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2539.
District Court of Appeal of Florida, Third District.
October 18, 1988.
Mark King Leban, Miami, Simon Steckel, Coral Gables, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
HUBBART, Judge.
The defendant appeals his conviction and sentence for eight counts of attempted sexual battery which were entered below upon a plea of nolo contendere. His sole contention on appeal is that the trial court erred in denying his motion to suppress certain evidence seized from his business office pursuant to a search warrant, an issue which he expressly reserved below for appeal and which the state expressly stipulated below is dispositive of this case.[1] We agree with the defendant and reverse.
*81 The trial court below found after a full evidentiary hearing that the affidavit upon which the instant search warrant was based contained intentionally false information purportedly received from an alleged witness (Kent Dicks). Accordingly, the trial court struck this intentionally false information from the affidavit, as required under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), but found that the remaining portion of the redacted affidavit contained sufficient probable cause for the issuance of the search warrant under Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). On that basis, the trial court denied the motion to suppress.
The defendant contends, and the state, in effect, concedes, that the redacted affidavit below does not state probable cause for the issuance of the instant search warrant based on our decisions in Blue v. State, 441 So.2d 165 (Fla. 3d DCA 1983); Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA), rev. denied, 500 So.2d 545 (Fla. 1986); and State v. Novak, 502 So.2d 990 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla. 1987), as well as the First District's decision in Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983). We entirely agree because the redacted affidavit herein, like the search warrant affidavits involved in the above cases, was based entirely on information supplied by a confidential informer, with no stated basis for believing this information. The redacted affidavit states:
"Your affiant, Detective Oscar Callejas, has been a police officer with the City of Miami Police Department for 2 years and 8 months and has been assigned to the Metro-Miami Task Force on Missing and Sexually Exploited Children for 3 months.
A confidential ... informant indicated that Robert Milton Griffith has a passion for young girls and keeps a collection of photographs of girls under the age of 16 posing in ways as to expose their genitals in a lewd fashion. The informant stated that Robert Milton Griffith keeps this photo collection in his business office located at 715 S.W. 73 Avenue # 3, Miami, Florida, Dade County. The informant saw a selection of the photos on June 19, 1985. The informant stated that Robert Milton Griffith provides the juveniles with narcotics and money for sexual favors and posing in the nude, exposing their genitals." R. 24.
There is nothing in this affidavit to show that the informer was a reliable informer or that his information was otherwise worthy of belief. Under the above-stated decisions, this defect is fatal to the affidavit and, accordingly, it fails to state probable cause.
The state's basic argument on this appeal, however, is that the good-faith exception to the exclusionary rule as announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is applicable to the instant case because the confidential informer in this case was in reality a reliable-type citizen, notwithstanding his erroneous designation as a confidential informer in the affidavit, and that the police acted in "good faith" in securing the search warrant based on this information. We cannot agree because the "good faith" exception to the exclusionary rule as stated in Leon is inapplicable "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." 468 U.S. at 923, 104 S.Ct. at *82 3421, 82 L.Ed.2d at 698-99. As the trial court found below, the police officer affiant in the instant case deliberately misled the magistrate with respect to information purportedly obtained from an alleged witness (Kent Dicks). In addition, we are now informed that the same affiant misled the magistrate as to the status of the alleged confidential informer stated in the affidavit. Under these circumstances, it is clear beyond any doubt that the "good faith" exception to the exclusionary rule has utterly no application to this case. State v. Beney, 523 So.2d 744 (Fla. 5th DCA 1988).
The final judgment of conviction and sentence under review are reversed, and the cause is remanded to the trial court with directions to discharge the defendant.
NOTES
[1] Upon a prior appeal by the state in this cause, we reversed another aspect of the instant trial court order which suppressed the testimony of the juvenile victim/prosecutrix herein; we also dismissed the defendant's cross appeal from the denial of the motion to suppress the evidence seized from the defendant's business office because it was an improper cross appeal. State v. Griffith, 500 So.2d 240 (Fla. 3d DCA 1986), rev. denied, 509 So.2d 1117 (Fla. 1987). Upon remand, the state, for whatever reason, decided that it was unwilling to proceed to trial based solely on the testimony of the juvenile victim/prosecutrix and concluded that it also needed the physical evidence seized from the defendant's business office. Accordingly, the state stipulated below that the disposition of the defendant's motion to suppress such evidence was dispositive of the case, a stipulation to which it is bound on appeal. The issue of the lawfulness of the search which led to the subject physical evidence is therefore properly before us and is now ripe for review. Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc); see Zeigler v. State, 471 So.2d 172, 175-76 (Fla. 1st DCA) (following Finney), rev. denied, 479 So.2d 118 (Fla. 1985).