548 So.2d 806 (1989)
Robert Elba THOMPSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-2181.
District Court of Appeal of Florida, First District.
September 6, 1989.
*807 William H. Webster, Crawfordville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for possession of marijuana. We find that the physical evidence should have been suppressed as the product of an unlawful search. We further find that the circumstances do not justify a good faith exception to the exclusionary rule. We therefore reverse the judgment of conviction and vacate appellant's sentence.
Appellant entered a nolo plea reserving the right to appeal the denial of his motion to suppress physical evidence, and the state conceded that the issue would be dispositive. In the motion to suppress appellant contended that evidence was unlawfully seized from the interior of his house trailer pursuant to a warrant which issued without probable cause to search the dwelling.
The warrant was based upon an affidavit identifying appellant's house trailer and "attached" greenhouse as premises on which marijuana was being kept. The affidavit, made by a deputy sheriff, recited that the affiant:
... has reason to believe and does believe that the trailer ... is being used for the sale of Cannabis and the curtilage of same is being used for cultivation of Cannabis. This belief is the result of information provided by two sources of information. Confidential Informant A reported ... that he had observed Cannabis plants in the greenhouse attached to the ... trailer. This observation took place during the past 5 days while the CI was walking past the trailer. Confidential Informant B reported to this officer that during the past 5 days while visiting the house next door ... he observed Cannabis plants in the greenhouse and also observed [appellant] removing something for [sic] the greenhouse and taking it inside the trailer.
The affidavit also recited the informants' familiarity with marijuana plants, and the prior reliability of one of the informants.
At a hearing on the motion to suppress appellant acknowledged that the greenhouse is next to his trailer door. Photographs depicted the greenhouse as an A-frame structure of wood framing covered by opaque plastic and located immediately adjacent to the trailer. It was established that in executing the warrant the officers first searched the greenhouse but discovered no marijuana or other incriminating evidence. They then searched the interior of appellant's house trailer where they found marijuana. The warrant authorized a search of both the greenhouse and the trailer, and in addition to arguing the sufficiency of the affidavit to support this warrant the state also asserted that the officers acted in good faith reliance upon the warrant. After the parties concluded their presentations the court denied the motion to suppress.
Section 933.18, Florida Statutes precludes the issuance of a warrant to search a private dwelling unless certain specified *808 occurrences are shown. The statute authorizes the issuance of a warrant to search a dwelling if the "law relating to narcotics or drug abuse is being violated therein." See Section 933.18(5), Florida Statutes. While the affidavit in this case asserts a belief that appellant's trailer was being used for the sale of marijuana, this bare assertion will not support the issuance of a warrant for a search of the dwelling unless the affidavit demonstrates a factual basis for the belief. See generally, Griffith v. State, 532 So.2d 80 (Fla. 3d DCA 1988).
Probable cause should be determined upon a common sense assessment of the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit contains a factual predicate indicating the presence of marijuana in appellant's greenhouse. But an assertion that marijuana has been observed growing immediately outside a dwelling is not sufficient in itself to support a warrant for a search of the dwelling. See Howard v. State, 483 So.2d 844 (Fla. 1st DCA 1986). The only further allegation involving the dwelling in the present case is that one of the informants had seen appellant "removing something for [sic] the greenhouse and taking it inside the trailer." The affidavit does not suggest what this "something" was, and there is no indication that only contraband was contained in the greenhouse. Absent some more specific indication of what was removed and taken inside, the affidavit was insufficient to support a warrant for a search of the trailer.
Howard v. State, supra, also indicates that the good faith exception delineated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), does not apply where a supporting affidavit is so deficient in establishing a substantial basis for probable cause that reliance thereon is not objectively reasonable. See also, Renckley v. State, 538 So.2d 1340 (Fla. 1st DCA Feb. 17, 1989); St. Angelo v. State, 532 So.2d 1346 (Fla. 1st DCA 1988). Renckley cautions that the objective good faith standard "requires officers to have a reasonable knowledge of what the law prohibits," citing United States v. Leon, supra. Assessing the officers' actions in the present case in light of Howard, their reliance upon the warrant which authorized a search of appellant's trailer pursuant to an affidavit lacking a substantial basis to establish probable cause with respect to the trailer was not objectively reasonable and does not constitute good faith.
The court should have granted appellant's motion to suppress the physical evidence seized within his house trailer. We therefore reverse the judgment of conviction and vacate appellant's sentence.
ERVIN and ZEHMER, JJ., concur.