SHIVERS, Chief Judge.
The state appeals from an order granting the defendant’s motion to suppress physical evidence. We reverse.
The defendant was arrested and charged with sale, purchase or delivery of cocaine (five counts), trafficking in cocaine, and possession of a firearm by a convicted felon. The arrest was the result of a search of the defendant’s apartment conducted pursuant to a search warrant.
The search warrant was issued pursuant to an affidavit for search warrant executed by Detective Solomon who stated that he received information from a previously reliable confidential informant, that the informant had been in the defendant’s premises within ten days of the execution of the affidavit, and that the informant has previously provided truthful information regarding controlled substances which led to at least 100 arrests and 75 convictions. The affidavit also stated that the informant personally observed a substantial quantity of a substance that the occupants of the subject premises represented to be crack cocaine and which he believed to be crack cocaine.
Defendant filed a motion to suppress and at the hearing on the motion Detective *520 Givens testified that he was the undercover officer who made the alleged buys of cocaine from the defendant. Detective Givens explained that he did not use a confidential informant in this case and that the confidential informant referred to in Detective Solomon’s affidavit for search warrant was Detective Givens himself. He stated that the strategy was employed to keep his identity confidential until it was felt his identity could be revealed because he was still making purchases from the defendant and he intended to continue purchases from him after the search warrant was executed. He stated that he was advised on this matter from a senior officer and an assistant state attorney. He added that the arrest and conviction record referred to in the affidavit was the record of arrests and convictions he had made.
It is clear from United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) that suppression is the appropriate remedy if the “judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.” Leon, 468 U.S. at 923, 104 S.Ct. at 3420. However, the relevant inquiry is not whether the information in the affidavit is true or whether the police acted negligently, but whether the affiant believed the information contained in the affidavit to be true. State v. Chapin, 486 So.2d 566 (Fla.1986).
In granting the defendant’s motion to suppress, the trial court stated in its order that this case is controlled by State v. Beney, 523 So.2d 744 (Fla. 5th DCA 1988). In Beney the affiant represented that he received information from a “confidential reliable source” and that source turned out to be a New Jersey police officer who had compiled information from other officers in New Jersey. In its opinion, the district court summarized these facts and immediately following that summary stated that “we agree that the affidavit implies direct knowledge rather than the second and third hand information actually relied on, which seriously impacts on the finding of probable cause.” Id. at 745. There appears little question that the district court’s strongest concern in Beney was the reliability of the source and not the source’s status as a police officer. This is further indicated by the Beney court’s comment that their case was remarkably similar to State v. Marrow, 459 So.2d 321 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla.1984) wherein the affiant stated that he received information from a reliable confidential informant when in fact he had never actually communicated with the informant but had spoken to a fellow police officer who merely told him the confidential informant was reliable. Beney then did not compel the decision reached by the trial court on the instant motion to suppress.
Appellee advances Griffith v. State, 532 So.2d 80 (Fla. 3d DCA 1988) in support of the suppression order. In Griffith, the trial court had earlier discovered the affidavit for search warrant contained intentionally false information; so it struck that part from the affidavit but found the remaining portions of the redacted affidavit contained sufficient probable cause for issuance of the search warrant as appropriate under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). On later appeal, the defendant asserted, and the district court agreed,[1] that the redacted affidavit failed to state probable cause for issuance of the warrant. The affidavit stated that its information was received from a confidential informant but the district court found that “[tjhere is nothing in this affidavit to show that the informer was a reliable informer or that his information was worthy of belief.” Griffith, 532 So.2d at 81. The state argued that the good faith exception to the exclusionary rule applies because the confidential informant was in reality a reliable-type citizen even thpugh he was referred to as a confidential informant in the affidavit. Citing Beney, supra, the district court found that the good faith exception to the exclu *521 sionary rule had no application. In rejecting application of the good faith exception, part of the court’s opinion focused on the affiant’s misrepresentation of the informant’s status. However, the court also emphasized the trial court’s earlier finding that the police officer/affiant deliberately misled the magistrate with respect to certain information in the affidavit. Thus we read Griffith to turn on more than just the misrepresentation of the informant’s status as a confidential informant. The combined effect of that with (1) the same affiant having earlier given false information and, (2) most importantly, the affidavit’s failure to show why the informant could be considered reliable, provides the more plausible explanation for the district court’s mandate in that case. It does not appear that the court was moved solely by the misrepresentation factor. In light of this, we cannot say that Griffith conclusively guides this court to the proper disposition of the issue presented in the instant case: Whether a motion to suppress must be granted when a search warrant affidavit refers to an information source as a confidential informant and that source is a police officer.
The state refers this court to a federal decision which more closely addresses this issue. In United States v. Strini, 658 F.2d 593 (8th Cir.1981), the court held that to justify suppression, the statement in an affidavit must be false or recklessly made in regard to a substantive matter. Strini involved the government’s use of information provided by a previously arrested individual that was given immunity. The de: fendant argued that the warrant contained a deliberate falsehood by not disclosing the informant’s name. The government contended that there was no deliberate falsehood because there in fact was a confidential informant and its designation “third confidential informant” was to protect the informant and assist the government in using him in ongoing investigations. The circuit court affirmed the validity of the government’s actions stating that such was not an attempt to enhance the contents of the affidavit. The court further pointed out that even if the false statement were within the contemplation of Franks v. Delaware, supra, that case requires that the perjured information be set aside and the remainder of the information examined to determine whether there is probable cause. The circuit court went on to find that it was apparent from the affidavit that it was reliable.
The motive behind the detectives’ actions in the instant case were the same as those involved in Strini. Apparently with the consultation of an assistant state attorney, and a staff supervisor, the detectives undertook to style the affidavit so as to protect Detective Givens. Just as the government argued in Strini, Detective Solomon’s characterization of Detective Givens as a confidential informant was not false because Givens was in actuality a confidential informant — the source of his information was sought to be held in confidence. Further, his status as police officer should not be dispositive. Even if the affidavit had been redacted the inquiry then would simply shift to whether there remained sufficient information to establish probable cause. Strini at 597.
REVERSED.
WENTWORTH and WIGGINTON, JJ., concur.

. The court in Griffith reversed the conviction and sentence with directions that the defendant be discharged.