Ronald Ray Villemez was indicted for the offense of trafficking in cannabis, in violation of § 13A-12-216, Code of Alabama 1975 (Supp. 1988). The jury found the appellant "guilty as charged in the indictment." The trial judge then sentenced the appellant to life imprisonment without parole as a habitual felony offender.
After 11:00 p.m. on February 29, 1988, Chris McCurley, an undercover narcotics investigator for the Etowah County Sheriff's Department, purchased four and one-half pounds of marijuana from Dunice Miller. This purchase took place at Gadsden State Community College in Gadsden, Alabama. Miller was arrested and charged with drug trafficking. She was taken to the Etowah County Narcotics Office where she was interrogated by Todd Entrekin, a *Page 343 
narcotics investigator for the Etowah County Sheriff's Department. During the interrogation, Miller told Entrekin that she had obtained the marijuana from the Travelers Motor Inn on East Broad. McCurley, who was not in the room at the time the statement was made, overheard Miller's statement.
After the interrogation, Miller consented to a search of her home. She was then taken to her home by Officer Entrekin and other deputies. There, Miller told Entrekin that the marijuana was obtained from room 36 of the Travelers Motor Inn on East Broad and the room was registered to Ronnie Miller.
Entrekin related to McCurley by telephone the information Miller had given him. At McCurley's request, Entrekin confirmed Miller's information by checking with the desk clerk at the Travelers Motor Inn. Based on this information, McCurley made an affidavit for a search warrant. Judge William H. Rhea, III, issued a search warrant for room 36 of the Travelers Motor Inn based on McCurley's affidavit.
The search warrant was then executed for room 36. When the officers entered the room, the appellant, Villimez, was the only person in the room. Two and one-half pounds of marijuana were found in the room.
 I
The appellant contends that the affidavit submitted in support of the search warrant was invalid because the affidavit contained a misstatement. The affidavit in this case reads as follows:
 "I, Peter C. McCurley, Sheriff's Investigator of Etowah County Sheriff's Dept., on this the 1st day of March, 1988, received information by: Person at 12:05 o'clock AM, March 1, 1988 from an informant known to me and whose record of reliability is good in that [a]t approx[imately] 11:10 PM, 2-29-88, informant sold to me a large quan[t]ity of alleged marijuana. At approx[imately] 12:05 AM, 3-1-88, informant relayed to me that the person she got the marijuana from was a Ronnie Miller and that he was at the Travelers Motor Inn at 421 E. Broad St., in Gadsden, Al., in Rm. # 36. A check with the desk clerk showed this to be true; and such informant said that Ronnie Miller had in his or her possession, either upon his or her person or upon the following premises Room # 36, Travelers Motor Inn, 421 E. Broad Street, East Gadsden, Etowah County, Alabama the following items; Marijuana. The said informant stated that he acquired said knowledge by [b]eing present at the above address within the 24 hours and seeing marijuana stored at the above address. Informant also stated that that is where she got the marijuana that she sold to me." (CR. 90.) (Emphasis added.)
The appellant argues, and we agree, that McCurley's statement in the affidavit that the "informant relayed to me that the person she got the marijuana from was a Ronnie Miller and that he was at the Travelers Motor Inn at 421 E. Broad St. in Gadsden, Al., in Rm. # 36" was a misstatement because the evidence at the suppression hearing showed that the informant actually told Entrekin this information and Entrekin then relayed the information to McCurley by phone.
 "Where a challenge is made to the validity of a warrant affidavit, to determine whether the movant's fourth amendment rights were violated, we must consider: (1) whether the alleged misstatements in the affidavit were made either intentionally or in reckless disregard for the truth and, if so, (2) whether, after deleting the misstatements, the affidavit is insufficient to establish probable cause."
 United States v. Kirk, 781 F.2d 1498, 1502 (11th Cir. 1986), citing Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
The State seems to argue that there was not a misstatement contained in the affidavit because police officers may rely upon information supplied by others.
 "Officers operating in the field are entitled to rely on the information and judgment of fellow officers with whom they *Page 344 
are working in close concert. Id. The situation is very different when an application is made for a warrant. Unlike officers in the field, a magistrate is not entitled to rely on the judgment of law enforcement officials. He or she is expected to review the material submitted and make a detached, independent judgment as to the existence of probable cause. [Citations omitted.]"
United States v. Davis, 714 F.2d 896, 900 (9th Cir. 1983).
 "[A] magistrate must be presented with facts as to the source of the information in the affidavit and the underlying circumstances from which it could be concluded that the source was reliable. [Citations omitted.]. . . .
 " 'Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their numbers.' [Citations omitted.] To comply with the requirement of particularity and to enable the magistrate to make an independent probable cause evaluation, however, the agent must state in the affidavit that he is relying upon other officers. [Citations omitted.] We caution that this requirement should not be viewed 'in a hypertechnical, rather than a common-sense, manner.' [Citation omitted.] It is sufficient if the affidavit recites at the outset, or if it is clear from reading the affidavit as a whole, that it is based in part upon information obtained from other law enforcement officers." [Citations omitted.]
Kirk, 781 F.2d at 1504-05.
A careful reading of the affidavit in this case does not show that McCurley indicated that he was relying upon information supplied by another officer. The affidavit clearly states that the informant relayed the information to McCurley personally.
In State v. Marrow, 459 So.2d 321 (Fla.App. 3 Dist. 1984), a police officer stated in an affidavit for a search warrant that " 'your affiant received information from a reliable confidential informant,' [when] in fact, the affiant had never communicated with the alleged confidential informant, but had spoken only to a fellow police officer, who told the affiant about the reliability of the confidential informant and the information which the informant gave." Marrow, 459 So.2d at 322. The Florida Court held that the police officer's statement in the affidavit was "at least recklessly false" since he clearly implied that the conversation was between him and the informant (rather than between the informant and another officer) even though the police officer "did not expressly state that he 'personally' spoke to or interviewed the informant." Marrow, 459 So.2d at 322. See also State v. Beney,523 So.2d 744 (Fla.Dist.Ct.App. 1988).
In Davis, a police officer signed an affidavit in which he stated that he received the information contained in the affidavit directly from the informants in the case. However, the officer's testimony at a hearing on this matter revealed that the officer had received this information from his subordinates who had interviewed the informants. The Ninth Circuit held that the police officer's failure to properly identify his source of information in the affidavit was intentional.
In the case at bar, McCurley stated that he had received the information contained in the affidavit directly from Miller. McCurley did not indicate in the affidavit that Miller gave this information to Entrekin who then relayed it to him. Thus, McCurley's failure to properly identify his source of information was at least reckless, if not intentional.
Therefore, we must delete the false information contained in the affidavit to determine whether the rest of the information contained in the affidavit was sufficient to support a finding of probable cause. The information which must be excised is that the informant told McCurley that she obtained the marijuana from a Ronnie Miller in Room 36 of the Travelers Motor Inn. See W. LaFave, 2 Search and Seizure § 4.4(c), p. 10-11 (2nd ed. 1987) (1989 Supp.).
"A search warrant can only be issued on probable cause, supported by an *Page 345 
affidavit naming or describing the person and particularly describing the property and the place to be searched." Ala. Code, § 15-5-3 (1975). After the misstatement is excised from the affidavit, it is clear that the remaining portion of the affidavit does not support a determination of probable cause. "Suppression is required only when it appears that 'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause.'" Gray v. State, 507 So.2d 1026, 1028 (Ala.Crim.App.),cert. denied, (Ala. 1987), quoting Franks v. Delaware,438 U.S. 154, 156, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978). Thus, the search warrant in this case is invalid and the appellant's motion to suppress should have been granted. See Pianzio v.State, 423 So.2d 258 (Ala.Crim.App. 1981), cert. denied, (Ala. 1982).
"[T]he fact that probable cause existed and could have been readily shown by a truthful affidavit stating that the affiant's information came from a fellow officer does not change the result, since it is the truth of the affiant's statement, not the truth of the confidential informant's statement, that is material to the magistrate's decision to issue the search warrant." Marrow, 459 So.2d at 322, citingDavis.
For the reasons shown above, this cause is hereby reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.