The appellant, Joseph William Moore, was convicted of trafficking in marijuana, a violation of § 20-2-80, Code ofAlabama 1975. He was sentenced to 12 years in prison.
The state's evidence tended to show that as a result of the execution of a search warrant on the home of the appellant, over four pounds of marijuana was discovered. Several small bags of marijuana were found, which together contained approximately 1.25 pounds of marijuana. A feed sack was also recovered which contained 3 pounds and 15 ounces of marijuana. *Page 789 
Appellant raises three issues on appeal. However, since one of these issues requires reversal, we need only address that issue. The appellant argues that the affidavit in support of the search warrant was invalid since it contained information which was untrue. Appellant's main contention centers on the fact that Officer Smith did not rely on information he knew but on information obtained by other officers. Smith did not identify the officer who supplied him with the information.
The affidavit reads:
 "Within the past 72 hours a reliable informant who has been proven reliable in the past has purchased marijuana from Jay Moore at said residence. The informant also stated that while there he observed marijuana for use and sale."
As this court restated recently in Villemez v. State,555 So.2d 342 (Ala.Cr.App. 1989):
 " '[A] magistrate must be presented with facts as to the source of the information in the affidavit and the underlying circumstances from which it could be concluded that the source was reliable. (Citations omitted). . . .
 " 'Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their numbers.' (Citations omitted). To comply with the requirement of particularity and to enable the magistrate to make an independent probable cause evaluation, however, the agent must state in the affidavit that he is relying upon other officers. (Citations omitted.) We caution that this requirement should not be viewed "in a hypertechnical, rather than a common-sense, manner." (Citation omitted.) It is sufficient if the affidavit recites at the outset, or if it is clear from reading the affidavit as a whole, that it is based in part upon information obtained from other law enforcement officers.' "
Villemez v. State, 555 So.2d at 344.
There is no indication in the affidavit that Smith obtained his information from a fellow officer. Officer Smith testified at the suppression hearing that he received from Officer Surrey the information regarding an informant's seeing marijuana in the appellant's house. This informant was one that the other officer often used. The following occurred during the suppression hearing:
 "Q — Did you tell her anything about the Surrey observing [the informant] going into Moore's house?
 "A — To my knowledge, I can't remember exactly, I just told her that Sergeant Surrey had called me and was drawing a search warrant for a residence that had narcotics. I don't think she specifically questioned me as to whether it was my personal knowledge or how I got it.
 "Q — And you didn't tell her anything additional, in addition to what was in the affidavit?
 "A — No, just that. Not that I was keeping anything from her."
At the least, Smith's conduct of not stating in the affidavit that the information was not based on his own personal knowledge was reckless and in disregard for the truth. Thus, we must delete that information and "determine whether the rest of the information contained in the affidavit was sufficient to support a finding of probable cause." Villemez,555 So.2d at 344. Section 15-5-3, Code of Alabama 1975, states:
 "A search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched."
The United States Supreme Court stated in Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), "'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'"Illinois v. Gates, 462 U.S. at 231, 103 S.Ct. at 2328.
After deleting that portion, nothing is left, thus the affidavit must fail. The officer could have satisfied the probable cause standard and the requirement that the affidavit be truthful by naming the officer who *Page 790 
supplied him with the information. Appellant's motion to suppress should not have been denied. Therefore, on the authority of Villemez v. State, supra we must reverse this case and remand it to the Circuit Court for Baldwin County.
REVERSED AND REMANDED.
All the Judges concur.