TYSON, Judge.
Lois Marie Brown was indicted for unlawful possession of marijuana, in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” The trial court sentenced the appellant to five years' imprisonment in the State penitentiary.
On September 29, 1987, members of the Morgan County Sheriff’s Department, along with members of the Decatur Police Department, went to the appellant's apartment to execute a search warrant. Upon entry into the apartment, the authorities found this appellant, John Thomas Early, and two other persons.
A thorough search of the apartment produced green plant material, which was later determined to be marijuana. The search also revealed marijuana seeds and stems. Also, the officers found “ziploc” bags, a utility bill in the appellant’s name, and other evidence.
I
The appellant challenges the validity of the affidavit used to support to search warrant. She contends that the information contained in the affidavit was misleading to the judge who issued the search warrant.
James Hudson, a deputy sheriff with the Morgan County Sheriff’s Department, signed the following affidavit:
“Your affiant offers the following facts and information in support of his belief that there is probable cause for the issuance of a search warrant to-wit:
“During the past two years, your affi-ant and other members of the drug unit have been contacted by several confidential informants, these informants have stated that Lois Brown Early and her boys were involved in the illegal sale of drugs in and around the Hartselle area, these informants stated that they were selling marijuana and LSD, and that these drugs were brought from out of state.
“On this date September the 29, 1987, your affiant was contacted by Terry Johnson of the Hartselle Police Department, Officer Johnson works as an investigator with the police department, he stated to your affiant that he had a confidential and reliable informant, come to him in regards to Lois Brown Early, whose name is otherwise unknown, and stated that he had bought some marijuana from Lois Brown Early, this informant stated to Officer Johnson that he *433 was inside the residence of Lois Brown Early, within the past 24 hours, and while inside the residence he observed a large quantity of marijuana, this informant has provided information in the past to Officer Johnson, that has led to the arrest of a criminal violator whose case is now pending in court, this informant is familiar with the appearance of marijuana.”
This court, in a recently decided case of Villemez v. State, 555 So.2d 342 (Ala.Cr.App.1989), addressed this issue concerning the validity of an affidavit in support of a search warrant.
“Where a challenge is made to the validity of a warrant affidavit, to determine whether the movant’s fourth amendment rights were violated, we must consider: (1) whether the alleged misstatements in the affidavit were made either intentionally or in reckless disregard for the truth and, if so (2) whether after deleting the misstatements, the affidavit is insufficient to establish probable cause.
“United States v. Kirk, 781 F.2d 1498, 1502 (11th Cir.1986), citing Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).”
Villemez v. State, 555 So.2d at 343.
“ ‘[A] magistrate must be presented with facts as to the source of the information in the affidavit and the underlying circumstances from which it could be concluded that the source was reliable. [Citations omitted.]_
“ ' “Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their numbers.” [Citations omitted.] To comply with the requirement of particularity and to enable the magistrate to make an independent probable cause evaluation, however, the agent must state in the affidavit that he is relying upon other officers. [Citations omitted.] We caution that this requirement should not be viewed “in a hypertechnical, rather than a common-sense, manner.” [Citations omitted.] It is sufficient if the affidavit recites at the outset, or if it is clear from reading the affidavit as a whole, that it is based in part upon information obtained from other law enforcement officers.’ ”
United States v. Kirk, 781 F.2d 1498, 1504-05 (11th Cir.1986); Villemez v. State, supra.
It is clear from the above affidavit that Deputy Sheriff Hudson informed the judge issuing the search warrant of all of the facts known to him and the source of his information. Also, on voir dire examination, Hudson testified that he did not have personal knowledge of the information in the affidavit, but that he relied upon information he received from Investigator Johnson.
This case differs from Villemez, supra, because in this case the affiant correctly stated the source of his information, whereas in Villemez the judgment was reversed and the case remanded because the affiant did not fully disclose to the judge the source of his information. Thus, because Hudson fully disclosed the source of his information, we find that there was no misstatement in the affidavit. The trial court, therefore, properly denied the appellant’s motion to suppress.
II
The appellant contends that the State failed to establish a proper chain of custody as to State’s exhibit no. 26. The testimony at trial concerning exhibit no. 26 is as follows:
“Q (By Mr. Lang) I show you what has been marked as State’s Exhibit number 26 and ask you if you recognize that.
“A Yes, I do.
“Q What is it? What are those?
“A They are stems that was laying in the carpet floor there in the bedroom.
“Q Were they out in the open or how were they found?
“A Yes, they were just laying out in the open.
“Q And you picked those up yourself?
“A Yes.
“Q And you picked those up yourself?
“A Yes.
*434 ‘ Q Have they been in your care and custody until today?
“A Yes.
“MR. LANG: We offer State’s Exhibit number 26.
“MR. TERRY: Your Honor, we object. The proper chain of custody has not been shown.
“THE COURT: Overruled.”
This court has written the following regarding “chain of custody”:
“ ‘The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered.’ Grice v. State, 481 So.2d 449, 451 (Ala.Cr.App.1985). ‘To establish a sufficient predicate for admission into evidence, it must be shown that there was no break in the chain of custody. Identification and continuity must be sufficiently established to afford ample assurance of the authenticity of the item.’ Whetstone v. State, 407 So.2d 854, 859 (Ala.Cr.App.1981).”
Wesenberg v. State, 504 So.2d 328, 332 (Ala.Cr.App.1986).
Even assuming that the State failed to establish a proper chain of custody, we find that the mistake was harmless. There was here sufficient evidence which was properly admitted into evidence which supports the appellant’s conviction for possession of marijuana. Wesenberg, supra. The State presented exhibits two through six, which contained either marijuana seeds, marijuana stems, or other derivatives of marijuana. Thus, we find that the error raised was harmless error.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.