538 So.2d 1340 (1989)
Edward RENCKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1394.
District Court of Appeal of Florida, First District.
February 17, 1989.
Stephen H. Donohoe, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant was charged with and convicted of possession of more than twenty grams of cannabis and possession with the intent to sell or deliver marijuana. Appellant pled nolo contendere to these charges *1341 reserving his right to appeal the denial of his motion to suppress. The trial court denied the motion to suppress finding that the search warrant was based upon sufficient probable cause stemming from the reliability of the informant coupled with the police surveillance activities. The court so concluded despite its contemporaneous holding that the "anticipatory elements" of the search warrant did not meet the requirements of the supreme court's decision in Bernie v. State, 524 So.2d 988 (Fla. 1988). Because we consider that latter conclusion to be fatal to the warrant's validity, we must reverse.
The probable cause set forth in the affidavit for the search warrant related the following:
Your affiant is a member of the Jacksonville Sheriff's office and has been so employed for 10 years. Your affiant is assigned to the Narcotics Section and has been working in that section for four (4) months. Your affiant has received training and the recognition in identification of cannabis on numerous occasions.
On December 6, 1987, your affiant met with a white male known to him as Dave Ferrell. Your affiant knows that Ferrell has sold marijuana in the past. On this date Ferrell told your affiant, who was working in an undercover capacity, that he could supply 1/4 pound of marijuana for $700 and that his "source" would have at least that much in his home at any time. Ferrell further stated that "his man" could supply up to 200 pounds of marijuana in a single transaction.
Ferrell was surveilled traveling to 6264 Arthur Durham Drive, Jacksonville, Duval County, Florida. He entered the home and exited moments later with a white box. Ferrell then met with your affiant and handed to your affiant a white box which contained 1/2 pound of a substance your affiant believes to be marijuana. Your affiant knows from past surveillance of Ferrell that he, Ferrell, has obtained a substance your affiant recognizes to be marijuana from this residence within the past 60 days.
Ferrell told your affiant that he was a "middle man" for his "source", that his "source" owned the marijuana and that he, the "source", kept large quantities of marijuana on hand. Your affiant believes these statements to mean that large quantities of marijuana are stored at the residence at 6264 Arthur Durham Drive, Jacksonville, Duval County, Florida.
On January 14, 1988, your affiant contacted Dave Ferrell in order to arrange another sale of marijuana, as previously agreed. Ferrell agreed to supply 50 additional pounds of marijuana to your affiant to be delivered either January 19 or January 20, 1988. He stated to your affiant that he, Ferrell, would obtain the marijuana from the same "source" he had used in their previous deal. Ferrell further assured your affiant that his "source" would have the 50 pounds of marijuana in his, the source's, home on the agreed upon meeting date.
Your affiant believes these statements to mean that a quantity of marijuana will be located at 6264 Arthur Durham Drive, Jacksonville, Duval County, Florida, on or between the 19th day of January, 1988, and the 20th day of January, 1988.
[Emphasis added.]
We view the emphasized language in the above-cited last paragraph to suggest an anticipatory search. The supreme court in Bernie defined an anticipatory search "as one based upon an affidavit showing probable cause that at some future time, but not presently, certain contraband will be at the location set forth in the warrant." 524 So.2d at 991. Although the supreme court recognized that "[n]o language in either the Florida Constitution or the United States Constitution prohibits issuance of a warrant for service at a future time," id., nonetheless, section 933.18(5), Florida Statutes, requires that a search warrant shall not be issued for the search of a private dwelling unless, in pertinent part:
(5) The law relating to narcotics or drug abuse is being violated therein. (Emphasis added.)
The statute further provides:
No warrant shall be issued for the search of any private dwelling under any of the *1342 conditions hereinabove mentioned except on sworn proof by affidavit of some credible witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based.
However, in Bernie, the supreme court concluded that the facts of that case did not constitute "the type of in futuro allegation for a warrant that the legislature intended to prohibit by [section 933.18]." 524 So.2d at 992. The court stressed that the emphasized words in the statute
... allows a warrant to be issued when the evidence and supporting affidavit show that the drugs have already been discovered through a legal search and seizure and are presently in the process of being transported to the designated residence which is being used as the drug drop.
Id. In that sense, the contraband was considered to be in law enforcement's "constructive possession." Thus, as the trial court below noted, it would appear by the holding in Bernie that the police officers must have actual knowledge that the contraband will be on the premises eventually. See also Howard v. State, 483 So.2d 844 (Fla. 1st DCA 1986).
Based on the foregoing observations, the trial court below concluded that
... the anticipatory elements of the search warrant under review do not meet the requirements of the Bernie decision. The police did not have sufficient information in this case to justify a finding of probable cause based upon the anticipation of a drug delivery. They did not discover the contraband prior to obtaining the warrant as in the Bernie case.
We agree with the trial court's observation and conclusion but would hold, contrary to the trial court's order, that they are fatal to the warrant's validity. The affidavit and search warrant transgressed the requirement of section 933.18(5) that it be shown that the law relating to narcotics or drug abuse is being violated in the dwelling.
In this case, there was no actual knowledge on the affiant's part as there was in Bernie. Rather, the affidavit showed only that the affiant knew Ferrell had entered appellant's home and left the home with a white box that was later discovered to contain marijuana. That allegation in no way connects the dwelling with the marijuana in the white box. Further, the statement in the affidavit that the affiant "knows from past surveillance of Ferrell that he, Ferrell, has obtained a substance your affiant recognizes to be marijuana from this residence within the past 60 days," refers to an earlier surveillance when the affiant and another law enforcement officer surveilled Ferrell as he proceeded to appellant's residence, enter, exit a short time later and return to his home. This surveillance was in connection with a "buy" that had been set up between the police officers and an undercover investigator who had originally informed the police officers of Ferrell's activities. When Ferrell returned to his home, he telephoned this investigator to come over. When the investigator did so and returned to his own home, he turned over to the law enforcement officers a quantity of marijuana which he said he had bought from Ferrell. Again, that allegation does not connect the marijuana subsequently turned over to the private investigator to appellant's residence. Thus, the warrant was invalid as to the residence and, unless the "good faith" exception applies as set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the evidence seized therein must be excluded.
In our view, the "good faith" exception is not applicable under the circumstances of this case. As was true in Howard v. State, here we find a fundamental defect which is not conducive to the "good faith" cure. The issuing judge did not have a substantial basis for determining that probable cause existed to support the search warrant in regard to the home. As was noted above, the affidavit contains no allegation in regard to any infraction of the law occurring inside the home other than hearsay speculation. Although it is true that it is not constitutionally impermissible for an *1343 affidavit for a search warrant to be based upon hearsay information, State v. Wolff, 310 So.2d 729 (Fla. 1975), it is also true that affidavits for search warrants based on secondhand and third-hand information must be acknowledged and made trustworthy either by the demonstration of the reliability and basis of information of the informant on the face of the affidavit or upon controlled buys set out in the affidavit. See State v. Beney, 523 So.2d 744 (Fla. 5th DCA 1988). Again, although the affidavit clearly shows that Ferrell was involved in an illegal drug transaction, it does not set forth sufficient facts showing a reliable connection between his activities and appellant's residence other than the fact that on two occasions Ferrell had entered appellant's home and later produced marijuana.
Moreover, although the penultimate paragraph in the affidavit suggests that Ferrell would obtain the marijuana from his "source" he had previously used and that this "source" would have the fifty pounds of marijuana in the source's home on the agreed upon meeting date, it was brought out during the hearing on the motion to suppress that the telephone conversation between Ferrell and the affiant underlying that statement did not suggest such a confirmed buy. Instead, the transcript of the taped conversation revealed that Ferrell stated he would have to get back with the affiant since he was not sure whether he could get the buy set up. The search warrant was nonetheless obtained five days later after Ferrell confessed to the affiant over the phone that all he could obtain was twelve pounds of marijuana. The next time the affiant had any contact with Ferrell was when he arrested him. As appellant argues, the affidavit included misrepresentations and unacknowledged hearsay, as well as false implications that would invalidate the remaining content of the affidavit to establish probable cause. Beney.
In United States v. Leon, the Supreme Court held that the exclusionary rule should not be applied to evidence obtained as the result of an illegal search when the officer conducting the search acted in "objectively reasonable reliance" on a warrant issued by a judge that is subsequently determined to be defective or invalid. That objective standard "requires officers to have a reasonable knowledge of what the law prohibits." 468 U.S. at 919, n. 20, 104 S.Ct. at 3419, n. 20. However, in the instant case, the absence of any supporting substantial basis for the search of appellant's home in light of the affidavit's and warrant's express departure from requirements of section 933.18 convinces us that the officers' search of the home was not in "objectively reasonable reliance" so that the good faith exception may be applied. Cf. Bernie, 524 So.2d at 996 (Kogan, Justice, concurring in part, dissenting in part). Accordingly, the motion to suppress should have been granted.
REVERSED.
WENTWORTH and THOMPSON, JJ., concur.