598 So.2d 175 (1992)
STATE of Florida, Appellant,
v.
Grady Mack DIAMOND, Appellee.
No. 91-1260.
District Court of Appeal of Florida, First District.
April 30, 1992.
*176 Robert A. Butterworth, Atty. Gen.; Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellant.
Nancy A. Daniels, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellee.
WOLF, Judge.
The state appeals from the trial court's order granting a motion to suppress evidence seized during a search of appellee's residence pursuant to a search warrant. We find that there were sufficient allegations contained in the affidavit to establish probable cause under the totality of the circumstances test set forth in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We reverse.
On November 30, 1990, Circuit Court Judge Nancy Gilliam in Santa Rosa County signed a search warrant for the premises occupied by Diamond (appellee). Pursuant to the search warrant, a search was conducted on that date, and cannabis and paraphernalia were seized. Appellee was subsequently charged by information with possession of marijuana, possession of marijuana with intent to distribute, possession of paraphernalia, possession of a firearm by a convicted felon, and cultivation of marijuana. The appellee filed a motion to suppress, and a hearing was held on the motion on April 4, 1991. The trial court granted the motion to suppress.
The affidavit upon which the search warrant was issued, in pertinent part, read as follows:
On 11/27/90, Investigator Micah Miller, Narcotics Investigator with the Santa Rosa Sheriff's Department was contacted by CI # 526, who stated that Mack Diamond is in possession of nine and one-half (9 1/2) pounds of cannabis concealed in the residence that is occupied and under the control of Mack Diamond. CI # 526 further stated that the cannabis is concealed in a deep freeze unit, packaged in one-quarter (1/4) pound bundles in plastic bags. CI # 526 further stated that he learned this information from an acquaintance of his who contacted him with the aforementioned information. The aforementioned acquaintance of the informant further related that this cannabis was shown to him on 11/27/90 by Mack Diamond's son who is believed to live at the residence. It should be noted that this acquaintance is not aware of CI # 526's relationship with law enforcement.
On 11/28/90, CI # 526 was again contacted by the aforementioned acquaintance. This acquaintance stated to CI # 526 that the cannabis was being sold for four hundred ($400) dollars for one-quarter (1/4) pound and fourteen hundred ($1400) dollars for one (1) pound by Mack Diamond. CI # 526 further stated that he learned from the acquaintance that Mack Diamond does have a phone but will not give out the phone number because the Probation Officer does not know that he has a phone. Charles Perry Cunningham stated to your affiant that Mack Diamond does not have a phone at his residence to his knowledge.
Due to his expressed interest in purchasing cannabis from Mack Diamond, CI # 526 was contacted again on 11/29/90 by this acquaintance. The acquaintance told CI # 526 that Mack Diamond would not let anyone come to his house because Mack Diamond is on Community Control. The acquaintance offered to purchase cannabis from Mack Diamond for CI # 526. On 11/29/90, CI # 526 stated that he learned from the acquaintance that Mack Diamond would not let anyone come to his house to see or buy cannabis because Mack Diamond is on Community Control. The acquaintance further stated to CI # 526 that the cannabis is concealed in a deep freeze unit that is a chest freezer unit that is positioned in the kitchen area of the residence.
The Santa Rosa County Sheriff's Department and the Escambia County Sheriff's Department have received in the past from a different confidential informant with the Escambia County Sheriff's Department, Narcotics Unit, information that Mack Diamond does conceal cannabis inside a deep freeze unit in his residence and deals in large quantities of *177 cannabis. This informant has proven reliable by virtue of the fact of Escambia County Sheriff's Department working with this information was able to target Diamond for investigation and to subsequently sell three (3) pounds of cannabis to Diamond on 6-25-90, when it was determined that he was in the market to purchase a large amount of cannabis. On 6-25-90, Mack Diamond was arrested in Escambia County, Florida, and charged with possession of cannabis over twenty (20) grams and possession of cannabis with intent to distribute. Mack Diamond pled nolo contendere to possession of cannabis over twenty (20) grams and conspiracy to possess cannabis. Mack Diamond was placed on three (3) years State Probation and eighteen (18) months Community Control.
On 11/07/90, Charles Perry Cunningham, who is employed with State Probation and Parole Office as a Correctional Probation Officer II. Charles Perry Cunningham is assigned as a Community Control Officer to Mack Diamond. On this date, Charles Perry Cunningham did have Mack Diamond submit to a urinalysis test as per conditions and terms of Community Control. On 11/04/90, Charles Perry Cunningham received the results of the urinalysis test by Mack Diamond showing positive for THC content, which is indicative of recent cannabis consumption.
CI # 526 is known to law enforcement as a reliable confidential informant and has in the past provided the Escambia County Sheriff's Department, Narcotics Unit with information that has proven to be reliable. CI # 526 has in the past been involved in undercover narcotic activities with the Escambia County Sheriff's Department that has resulted in the service of two (2) narcotic related search warrants and five (5) arrests and convictions. Your affiant has been employed with the Santa Rosa County Sheriff's Department for four (4) years with three (3) years experience in narcotic enforcement. Your affiant has in the past successfully worked with confidential informants resulting in numerous felony narcotics arrests, and is currently assigned to the Narcotics Investigations Unit of the Santa Rosa County Sheriff's Department.
Based upon the above facts and information your Affiant believes that there is probable cause to believe that controlled substances, to-wit: cannabis is located at the above-described location.
The trial judge found the search warrant to be defective primarily because it was based upon uncorroborated information provided to a confidential informant by an unknown third party. The trial judge also determined that the good-faith exception provided in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), was not available under these circumstances. We disagree with both propositions.
Probable cause means a "fair probability that contraband or evidence of a crime will be found." United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989), and Aderhold v. State, 593 So.2d 1081 (Fla. 1st DCA 1992). The analysis involves a view of the totality of all the circumstances known to the police. See Aderhold, supra at 336.
In Illinois v. Gates, supra, the U.S. Supreme Court stated as follows:
we affirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations... . The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548 (citations omitted).
While it is true that probable cause cannot be based solely on unverified second or third-hand information (see *178 Renckley v. State, 538 So.2d 1340 (Fla. 1st DCA 1989)), it is improper to determine that an affidavit for a search warrant is insufficient merely because it contains such information. Gates supra. Information from an unknown or unverified source may be considered in conjunction with other information known to the police to establish probable cause. See Minnis v. State, 577 So.2d 973 (Fla. 4th DCA 1991), rev. denied, 589 So.2d 291 (Fla. 1991), citing Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). The task of a magistrate issuing a search warrant is to make a practical common-sense decision whether, given all of the circumstances, there is a fair probability that contraband will be found in a particular place. State v. Macolino, 583 So.2d 705, 707 (Fla. 2nd DCA 1991). The duty of a reviewing court is to determine whether substantial evidence supports the issuing magistrate's decision. Gates, supra; Macolino, supra; and State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989). In the instant case, we find that such evidence existed.
The circumstances which support this conclusion include the following:
1. The information concerning narcotics in appellee's house was communicated at least twice by the third party to the reliable informant.
2. The information which was provided contained detailed facts concerning where the narcotics were kept and how they were being packaged.
3. The information was being provided as part of a conversation between parties who were purporting to take part in a drug deal and not for the purpose of being given to the police.
4. The police had previously arrested appellee (within the previous six months) for dealing drugs and were aware that on at least one prior occasion, appellee took part in a transaction involving a sizeable quantity of drugs.
5. A second confidential informant who previously had provided reliable information which led to the prior arrest of the appellee, confirmed that appellee does conceal large quantities of cannabis in the freezer in his residence.
6. Less than one month prior to the search warrant being issued, appellee had taken a urinalysis which indicated recent consumption of cannabis.
7. The third party witness indicated that appellee was on community control which indicated some familiarity with appellee.
We conclude that based upon all circumstances that there was a fair probability that contraband would be found in appellee's residence. Even if this warrant were determined not to be valid, we believe that the actions of the police qualify for the "good-faith" exception to the exclusionary rule as recognized by the United States Supreme Court in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); see also State v. Enstice, 573 So.2d 340 (Fla. 5th DCA 1990). An objective analysis indicates that a reasonably trained police officer would be justified in relying on the judicial determination of probable cause in the instant case. Cf. Getreu v. State, 578 So.2d 412 (Fla. 2nd DCA 1991).
The decision of the trial court is reversed.
BOOTH, J., concurs.
KAHN, J., concurring with written opinion.
KAHN, Judge, concurring.
I would uphold the search warrant in this case, and thus reverse the trial court, solely upon the authority of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). I find no error in the trial court's conclusion that the affidavit upon which the search warrant below was premised was legally insufficient.