629 So.2d 983 (1993)
STATE of Florida, Appellant,
v.
Vincent HARRIS and Inga McGowan, Appellees.
Nos. 93-616, 93-928.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
*984 Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca Roark Wall, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellees.
COBB, Judge.
The state appeals orders suppressing evidence seized pursuant to a search warrant. The basis of the suppression orders was the trial court's determination that probable cause was lacking for the warrant because the informant's previous reliability was not established and, based on the monitored conversation between the informant and Harris inside the latter's house, nothing was heard by the police officers that corroborated the informant's statement that he observed cocaine in the house. The conversation overheard by the officers included a statement by Harris that he did not sell drugs from his house, but would meet the informant on Jackson Street, clearly implying that a sale would transpire there. This led the trial judge to conclude that the evidence was insufficient to establish that the drugs intended to be sold were in the house, rather than some other location, despite the informant's testimony that Harris was cutting up cocaine on a table during their conversation.
As in State v. Wildes, 468 So.2d 550 (Fla. 5th DCA 1985), we find it unnecessary to determine if the facts before the issuing magistrate were sufficient to provide their own indicia of reliability sufficient for the issuance of the search warrant. See also State v. Georgoudiou, 560 So.2d 1241 (Fla. 5th DCA), rev. denied, 574 So.2d 141 (Fla. 1990). It is enough that the search warrant was regular on its face and the affidavit upon which it was based was not so lacking in indicia of probable cause that the officer executing the warrant could not with reasonable objectivity rely in good faith on the magistrate's probable cause determination and on the technical sufficiency of the warrant. Accordingly, we apply the good faith exception enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and reverse the orders suppressing the seized evidence and remand for further proceedings.
REVERSED AND REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.