654 So.2d 1000 (1995)
Lynn PAZOS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3685.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, West Palm Beach, for appellee.
WILLIAM C. OWEN, Jr., Senior Judge.
The trial court, in denying appellant's motion to suppress evidence of cocaine seized from her residence pursuant to search warrant, held that (1) the warrant, though anticipatory, was valid and (2) in any event, the good faith exception to the exclusionary rule would require denial of the motion. Appellant, having pled nolo contendere with the right to appeal, challenges both holdings. We affirm the court's order on the basis of the good faith exception to the exclusionary rule.
The warrant was based on the affidavit of a deputy sheriff of St. Lucie County. The affidavit recited the deputy's own experience in conducting investigations into the possession, sale and delivery of cocaine, the facts of his prior experience with a confidential informant whose information had proved reliable, and, of significance here, the particulars of the statements made by the informant to the deputy on June 17, 1993, immediately after the informant had attempted, unsuccessfully, a controlled buy of cocaine at the dwelling for which the warrant was issued. The informant stated that he/she had spoken to a Pat Sullivan who lived at the residence, that Sullivan had said he was out of cocaine but would have plenty the next day and to come back then, and that he/she had purchased cocaine from Pat Sullivan at that residence in the past. The affidavit further recited that affiant "believes that on 061893 there will be cocaine in the residence," that on that date he would meet with the informant and again attempt a controlled buy of cocaine at the residence, and "if a controlled buy takes place from the residence *1001 and the C.I. tells your affiant that he/she has observed more cocaine in the residence your affiant will serve this search warrant."
The affidavit was approved by an assistant state attorney and on June 18, 1993, at 4:10 p.m. was sworn to before the magistrate to whom it was presented in application for a warrant. The magistrate, in issuing the warrant, found that probable cause existed but directed that the officers search the described residence "in the event cocaine is purchased from said residence with twenty-four hours." The officers, after receiving the warrant and before executing it, successfully conducted a controlled buy at the residence.
Appellant cites Bernie v. State, 524 So.2d 988 (Fla. 1988) and Renckley v. State, 538 So.2d 1340 (Fla. 1st DCA 1989), for the holding that section 933.18(5), Florida Statutes, requires a search warrant of a private dwelling for violation of the law relating to narcotics or drug abuse not be issued unless upon affidavit showing probable cause that the law is then being violated therein. This court so held 20 years ago. See, Gerardi v. State, 307 So.2d 853 (Fla. 4th DCA 1975). The affidavit as prepared does not comply with the requirement[1] and thus the warrant was invalid.
Given the invalidity of the warrant, the issue is whether, as argued by appellant, the statute precludes application of the good faith exception to the exclusionary rule as announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We hold that it does not. Neither Renckley, supra, nor Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990), cited by appellant in support of her argument, holds that the good faith exception is precluded. In each of the cited cases, the court simply found that on the particular circumstances of the case, the good faith exception would not apply because the officers' reliance on the warrant could not have been objectively reasonable. Virtually none of the deficiencies noted in Renckley and Brown, most of which relate to patent defects in the probable cause affidavit, are present here. The reliability of the informant was demonstrated; there was a controlled buy as well as prior drug dealings between the informant and the occupant of the dwelling; the officers had the informant in sight constantly except while he was inside the dwelling; there was a firm connection between the contraband and the premises; and there were no false statements or representations in the affidavit.
The trial court, after hearing the evidence offered on the motion to suppress, found that the officers' reliance on the magistrate's determination of probable cause was objectively reasonable. There is ample support for that finding. To begin with, as noted above, the "anticipatory" nature of the affidavit could easily have been eliminated by putting the officer's belief in the present tense given Sullivan's assurance to the informant, one of Sullivan's prior cocaine customers, that his stock, temporarily depleted, would be "reupped" on June 18, and given the fact that the officer did not execute the affidavit until well into the afternoon of June 18. Furthermore, the officer took the proposed affidavit to an assistant state attorney for approval as to form before executing it before the magistrate. Finally, the officer proposed in his affidavit that if a warrant were issued he would not execute it unless and until he had successfully conducted a controlled purchase through the informant and the informant assured him that there was additional cocaine in the premises to be searched, conditions which the officer scrupulously observed before executing the warrant.
AFFIRMED.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] If the words "is presently" had been used instead of the words "will be," the affidavit likely would have passed muster.