666 So.2d 592 (1996)
STATE of Florida, Appellant,
v.
William HOWARD, Appellee.
No. 95-2020.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
*593 Robert A. Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for appellant.
Bruce M. Wilkinson of Fields & Wilkinson, P.A., Stuart, for appellee.
PER CURIAM.
The state timely appeals an order granting a motion to suppress physical evidence obtained during a search of the appellee's home conducted pursuant to a warrant. The state contends that the trial court abused its discretion in finding that the affidavit in support of the search warrant failed to establish probable cause. We agree and reverse.
The search warrant was based upon an affidavit which recounted facts relating to a controlled buy that had been conducted approximately ten days earlier. The affiant deputy sheriff recounted the following relevant facts in his sworn application for the warrant:
The deputy used a confidential informant who was alleged to have provided information about drug crimes in the past. The deputy searched both the informant and the informant's vehicle prior to the sale and found no drugs or other contraband. The informant was equipped with an audio transmitter, which was monitored by the deputy. The deputy observed the informant entering the house next door to the appellee's house, for the purpose of purchasing a quarter ounce of marijuana from a female suspect named "Kathy." Once inside the house, the deputy heard Kathy introduce the informant to a man identified as "Billy," who said that he usually did not sell "quarters," but that he would this time. Billy was later identified as the appellee. The deputy heard Billy say, "I have to go next door to get it." The deputy observed Billy walking next door to 2037 *594 Hideaway Circle, enter and leave the house, and return to Kathy's house. Once inside, Billy said, "here it is." Kathy said that the informant could come back any time the informant needed more.
The deputy observed the informant leaving the house and driving away. The informant gave the deputy seven ounces of marijuana, saying that he got it from Billy. The informant told the deputy that Kathy had said that Billy was her main supplier. The deputy searched the informant and the car a second time and found nothing.
No additional facts were presented at the hearing on the motion to suppress, and the appellee did not challenge the truth of the statements contained in the affidavit. The motion to suppress focused on the sufficiency of those statements to establish probable cause. The appellee argued that the affidavit was insufficient to establish that there was contraband located at the appellee's home either at the time of the monitored purchase or at the time the warrant was issued.
The trial court agreed with the defense, making the following findings in the suppression order:
While the affidavit contains sufficient allegations to establish probable cause under the totality of the circumstances to justify the issuance of a search warrant at the address of 2041 Hideaway Circle [Kathy's house], the Court agrees that the affidavit lacks a sufficient basis for a search warrant being issued on the residence of the defendant at 2037 Hideaway Circle. The affidavit fails to state that the voice heard by the affiant through the electronic surveillance device was that of "Billy" and/or that "Billy" lived next door and/or that "Billy" was the individual who was observed exiting the residence and entering the address of 2037 Hideaway Circle. Further, the affidavit fails to state that the affiant observed any contraband in the hands of the individual at said residence and perhaps most importantly the affidavit fails to state that there was any criminal activity going on in the residence of 2037 Hideaway Circle. An affidavit that fails to show that the target residence contains contraband at the time of issuance is defective, Getreu v. State, 578 So.2d 412 (2d DCA 1991).
The trial court also noted in the order that "[t]he affidavit does not reflect whether the affiant heard a male or a female voice [when "Billy" was allegedly talking]."
The applicable burden of proof and standard of review of orders on motions to suppress are set forth in Schmitt v. State, 590 So.2d 404 (Fla. 1991) ("Schmitt I"), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992):
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed.
Id. at 409 (quoting Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983)). The magistrate's determination of probable cause is entitled to great deference and must not be subjected to a de novo review in subsequent proceedings. Schmitt v. State, 563 So.2d 1095, 1099 (Fla. 4th DCA 1990) ("Schmitt II"), aff'd in pertinent part, quashed in part on other grounds, 590 So.2d 404 (Fla. 1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992).
The supreme court has stressed that the determination of probable cause requires a fact-based analysis and that the results of that analysis will vary depending upon the context of the case. Schmitt I, 590 So.2d at 409. The evidence in the affidavit need not be conclusive, nor must it meet the "[t]echnical requirements of elaborate specificity" imposed upon legal pleadings. Schmitt II, 563 So.2d at 1098. The magistrate's decision must be upheld unless there was no substantial basis for concluding that probable cause existed. Id.
In this case, the trial court held the affiant to a higher standard of proof and pleading than required by the above authorities. *595 A law enforcement officer's supervision of a successful controlled buy conducted by a confidential informant is sufficient to constitute probable cause to search the site of the transaction without proof of the reliability of the informant. Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); State v. Gieseke, 328 So.2d 16 (Fla. 1976). The trial court found that the affiant had established probable cause to search the site of the sale, but did not find the affiant's personal observation that the appellee left the site and retrieved the drugs from the house next door to be sufficient to establish probable cause to search the site where the marijuana had been stored.
The trial judge rejected the magistrate's finding of probable cause because the affiant did not personally observe the appellee in possession of the drugs and did not sufficiently allege that "Billy," who was overheard stating his intention to go next door and retrieve the drugs, was the same person who was observed immediately thereafter going next door. As authority for the decision, the trial court cited Getreu v. State, 578 So.2d 412 (Fla. 2d DCA 1991), in which an affidavit was found to be legally insufficient to support a search of the defendant's home where it merely stated that the defendant had been seen in possession of drugs and recited the defendant's address, without supplying any facts that would indicate that the drugs had been in the defendant's home. That case is distinguishable, because here the evidence was that the drugs had been retrieved from the house that was the subject of the warrant. The cases relied upon by the appellee which held that evidence of marijuana plants growing outside a residence was insufficient to establish probable cause to search the interior of the house are similarly distinguishable. Renckley v. State, 538 So.2d 1340 (Fla. 1st DCA 1989); Howard v. State, 483 So.2d 844 (Fla. 1st DCA), rev. denied, 494 So.2d 1153 (Fla. 1986).
The affidavit established probable cause to believe that drugs were located at the appellee's house at the time of the "controlled buy" under the criteria set forth in Sotolongo and Gieseke; the trial court therefore erred in holding the affiant to a stricter standard of proof than that required by Schmitt I.
Reversed and remanded for further proceedings.
GLICKSTEIN, DELL and WARNER, JJ., concur.