WARNER, Judge.
The state appeals an order granting the suppression of evidence (cocaine) seized pursuant to a search warrant of the defendant’s apartment. The court concluded that probable cause was not present to justify the issuance of the search warrant. We disagree and reverse.
The affidavit submitted to the magistrate by Officer Carmichael stated as follows:
On September 29, 1995, I received an anonymous call from a concerned citizen regarding possible narcotics sales taking *469 place at 1030 NE 7[th] Av[.] #8. The caller stated that they observed heavy pedestrian and vehicular traffic coming to and from a two story apartment building. During the week of October 7, through 11, 1995 Clay Barrett (1157), and I met with a confidential informant. This C.I. has been proven trustworthy and honest in the past and I have personally used this C.I. on prior investigations and he/she has always been accurate and reliable. The C.I. was then briefed as to the activity occurring at 1030 NE 7[th] Av[.] # 8. The C.I. then agreed to attempt a purchase of illegal narcotics from the suspect location under controlled conditions.
The C.I. was first searched and found to be free of any narcotics, currency, or any other contraband. The C.I. was then fitted with a Unitel listening device which Det. Barrett and I monitored. The C.I. was then given one twenty dollar bill.... The C.I. was then dropped off nearby the suspect location. It was at this point that we were unable [sic] maintain visual contact with the C.I. Pursuant to my instruction, The C.I. traveled directly to the suspect location.
The C.I. met a B/M subject as he walked up to apartment # 8. The B/M said “WHAT YOU WANT?” The C.I. said “I NEED A DIME” (street slang for a $10 piece of crack cocaine). The B/M said “COME ON.” The B/M walked to apartment #8 and went inside. The B/M brought back one cocaine rock. The C.I. looked at the rock and said “THAT’S SMALL.” The B/M said “O.K. MAN, TAKE THESE” and gave the C.I. three smaller cocaine rocks. The C.I. gave the B/M the twenty dollar bill in exchange for the three cocaine rocks. The B/M then gave the C.I. a ten dollar bill ... in change. The B/M told the C.I. “I’m ALWAYS HERE DOG, COME ON BACK.” The C.I. then walked directly back to the undercover vehicle, and upon physical contact with me he/she surrendered three cocaine rocks. The C.I. was then transported away from the suspect location and searched again. The C.I. was found to be free of any narcotics, contraband and cur-reney. . This includes the previously issued investigative funds.
During the aforementioned series of events, the C.I. made no stops and did not come into contact with anyone other than the persons involved in the transaction. The suspect cocaine [tested] positive for the presence of cocaine.
Based upon the recitations in the affidavit, the magistrate issued the search warrant. Thereafter, the defendant was arrested and cocaine was found in her home. The defendant moved to suppress the evidence.
At the hearing on the motion, Officer Carmichael testified that he lost sight of the confidential informant as the informant approached the apartment building. However, Carmichael explained that he could see the building, but because his vehicle was known, he was forced to secrete himself. Although Carmichael did not see the informant enter the apartment, the entire transaction was heard via the wire. Moreover, Carmichael did not believe that there was enough time between the drop off and the buy for the informant to have gone elsewhere to purchase the cocaine. The court granted the motion to suppress, ruling that because the officer did not see the informant go into or come out of the apartment, there could not be probable cause to search the specific apartment listed.
This ease is similar to State v. Howard, 666 So.2d 592 (Fla. 4th DCA 1996). In that case we stated:
The applicable burden of proof and standard of review of orders on motions to suppress are set forth in Schmitt v. State, 590 So.2d 404 (Fla.1991) (“Schmitt I”), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992):
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular ease. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed.
*470 Id. at 409 (quoting Illinois v. Gates, 462 U.S. 213, 238-89, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983)). The magistrate’s determination of probable cause is entitled to great deference and must not be subjected to a de novo review in subsequent proceedings. Schmitt v. State, 563 So.2d 1095, 1099 (Fla. 4th DCA 1990) (“Schmitt II”), aff'd in pertinent part, quashed in part on other grounds, 590 So.2d 404 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992).
The supreme court has stressed that the determination of probable cause requires a fact-based analysis and that the results of that analysis will vary depending upon the context of the case. Schmitt I, 590 So.2d at 409. The evidence in the affidavit need not be conclusive, nor must it meet the “[tjechnical requirements of elaborate specificity” imposed upon legal pleadings. Schmitt II, 563 So.2d at 1098. The magistrate’s decision must be upheld unless there was no substantial basis for concluding that probable cause existed. Id.
Howard, 666 So.2d at 594. In Howard, the officer observed the wired informant enter a dwelling to purchase drugs. He heard the seller say that he would go get the drugs. The officer then observed the defendant leave the dwelling, go next door, and return. He subsequently heard the transaction being completed. Because the officer did not observe the transaction take place, the trial court determined that the search warrant was invalid.
On appeal, we determined that the trial court had held the officer to a higher standard of proof than required by Schmitt and Gates. We reversed the trial court’s suppression of the evidence, stating: “A law enforcement officer’s supervision of a successful controlled buy conducted by a confidential informant is sufficient to constitute probable cause to search the site of the transaction without proof of the reliability of the informant.” Id. at 595 (citations omitted).
The existence of probable cause for the issuance of a search warrant must be determined solely from the affidavits submitted. Schmitt I, 590 So.2d at 409. State v. Bond, 341 So.2d 218 (Fla. 2d DCA 1976). In the instant ease, the trial court heard additional testimony and concluded that there could be no probable cause. Thus, the trial court erred in conducting a de novo review of the issue.
The affidavit before the magistrate showed that the officer had personal knowledge of the reliability of the confidential informant. The informant had proved trustworthy and honest in the past. Before the transaction, the informant was searched. During the transaction, Carmichael heard discussion of a drug transaction and then retrieved drugs from the informant. The affidavit also stated that the informant made no stops and did not come into contact with anyone other than the persons involved in the transaction. While the facts stated in the affidavit may not be “conclusive,” they support the magistrate’s decision that there is a “fair probability” that contraband would be found on the premises. Schmitt I, 590 So.2d at 409.
We therefore reverse and remand for further proceedings in this cause.
FARMER and KLEIN, JJ., concur.