868 So.2d 1278 (2004)
STATE of Florida, Appellant,
v.
Joel R. VALLONE, Appellee.
No. 4D03-798.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
*1279 Charles J. Crist, Jr., Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellee.
KLEIN, J.
The state appeals an order granting appellee defendant's motion to suppress evidence obtained under a search warrant. The trial court granted the motion because it concluded the affidavit on which the search warrant was based was given by a confidential informant and the affidavit did not include information about the reliability of the informant. We reverse.
The officer signing the affidavit for the search warrant identified the informant as D.C. The affidavit reflected that defendant, who had been a friend of D.C.'s since high school, had asked D.C. to help him transfer files from an old computer to a new one. D.C. complied and, while doing so, noticed that some of the files consisted of child pornography which was described in the affidavit.
D.C. informed a Stuart police officer, who was D.C.'s relative, but because the computer was outside of that officer's jurisdiction, the officer contacted a sheriff's detective assigned to investigate computer crimes involving child pornography. The detective interviewed D.C., obtained the search warrant based on that information, and found the pornographic material where D.C. indicated it would be.
The trial court treated the motion to suppress as though the information received by the detective were from an anonymous tipster or confidential informant who could not be identified. The trial court may have erroneously made that assumption based on the fact that the informant's initials were used in the affidavit rather than his name; however, that is not the criteria. Whether a person is a confidential informant depends on the facts. State v. Johnson, 285 So.2d 53 (Fla. 2d DCA 1973).
The identity of D.C. was easily ascertainable, as the affidavit stated that D.C. was a relative of a named Stuart officer who had referred him to the detective. An informant whose identity is readily ascertainable is not an anonymous tipster. State v. Maynard, 783 So.2d 226 (Fla.2001) (also holding that one officer's knowledge of an informant's identity is *1280 imputed to a different officer obtaining the warrant).
Because it was undisputed that D.C. was a citizen informant, which is sufficient to satisfy any questions about the informant's veracity, State v. Novak, 502 So.2d 990 (Fla. 3d DCA 1987), the trial court erred in granting the motion to suppress. Reversed.
WARNER and POLEN, JJ., concur.