946 So.2d 108 (2007)
STATE of Florida, Appellant,
v.
Joseph Wesley WATT, Appellee.
No. 5D06-1058.
District Court of Appeal of Florida, Fifth District.
January 5, 2007.
Bill McCollum, Jr., Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellant.
Keith F. Szachacz, Alan S. Diamond and Kepler B. Funk of Funk, Szachacz & Diamond, LLC, Melbourne, for Appellee.
PALMER, J.
The State appeals the final order entered by the trial court granting Joseph Watt's (defendant) motion to suppress.[1] Concluding that the good faith exception to the exclusionary rule was applicable in this case, we reverse.
The State charged the defendant with committing several felony drug offenses. The defendant filed a pretrial motion to suppress, arguing that all evidence seized at the time of his arrest was obtained as the result of an illegal search of his residence. More specifically, the motion alleged that the evidence was obtained as the result of the execution of a faulty search warrant in that there was no probable cause to support the issuance of the warrant.
*109 At the suppression hearing, the State argued alternatively that (1) probable cause existed to support the issuance of the instant search warrant, and (2) suppression was not warranted because the instant facts supported the application of the good faith exception to the exclusionary rule.[2] In reviewing the motion, the trial court properly relied solely on the affidavit authored by Agent Anthony Brannon of the Brevard County Sheriff's Office, which was attached to the search warrant application, to determine the issue of probable cause.
In his affidavit, Agent Brannon stated that he believed that the defendant's home was being used in violation of chapter 893 of the Florida Statutes on a regular basis for the possession and sale of cocaine. The affidavit then set forth the following facts to establish grounds for the warrant.
First, the affidavit cited to the fact that, during the month of February 2005, the Brevard County Sheriff's Office special investigation unit received information from a confidential informant (CI) in reference to large quantity cocaine sales by the defendant and a second man, Greg Simpson. The CI advised the police that the defendant and Simpson would not allow persons to come to their residence to purchase cocaine, but instead, they would meet purchasers in different spots in the Brevard County area in order to effectuate the sales.
The affidavit further stated that, during the month of February 2005, Agent Brannon received information from a CI indicating that he had witnessed several cocaine transactions between Simpson and other people in the Brevard County area. Police surveillance identified Simpson as entering and exiting the defendant's residence with the use of a key.
The affidavit stated that the police conducted a controlled buy of cocaine between Simpson and a CI. The CI phoned Simpson on his cell phone requesting to buy some cocaine, and Simpson arranged to meet the CI at the local Hess Station in Cocoa. At the time the phone conversation was taking place, the police were listening to the parties' conversation as well as observing the defendant's residence. A few minutes after the phone call ended, the police observed Simpson exit the defendant's residence and enter a blue truck. They observed the truck travel to the local Hess Station where Simpson met the CI and engaged in the controlled buy. The police then observed Simpson leave the Hess station and return to the defendant's residence.
The affidavit stated further that Agent Brannon met with a CI for the purpose of arranging a second controlled buy with Simpson. The parties used the same protocol, with a phone call by the CI to Simpson's cell phone, a request by the CI to buy cocaine, an arrangement to meet at the local Subway Shop to execute the buy, and police surveillance of the defendant's home and the parties' phone call.
The trial court entered an order granting the defendant's motion to suppress, specifically rejecting the State's arguments that probable cause existed to support the search warrant and that the facts supported application of the good faith exception to the exclusionary rule. This appeal by the State timely followed the entry of the trial court's suppression order.
*110 Although the parties disagree over whether the facts set forth in Agent Brannon's affidavit were sufficient to establish probable cause for the search warrant, we need not reach that issue because we conclude that, even if probable cause did not exist, the good faith exception is applicable in this case.
In U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984), the Supreme Court held that the exclusionary rule need not be applied to evidence obtained as the result of an illegal search when the officer conducting the search acted in objectively reasonable reliance on the invalid warrant. In Montgomery v. State, 584 So.2d 65, 67 (Fla. 1st DCA 1991), the First District held that, unless "the warrant is based on an affidavit so lacking in indicia of probable cause as to render an official's belief in its existence entirely unreasonable, Leon should be applied."
In this case, an experienced trial judge reviewed Agent Brannon's affidavit and determined that probable cause existed to justify the issuance of a search warrant. The police executed the search pursuant to the warrant issued by the judge. In order to reject the application of the good faith exception in this case, we would need to conclude that an objectively reasonable police officer would have a better understanding of the law of search and seizure and probable cause than did the trial judge who issued the warrant. We are not willing to do so.
No indication exists in the record that either the police officer or the trial judge was corrupt, dishonest, or acted in bad faith. Accordingly, this case is controlled by the principle we articulated in State v. Harris, 629 So.2d 983 (Fla. 5th DCA 1993):
The warrant was regular on its face and the affidavit upon which it was based was not so lacking in indicia of probable cause that the officer executing the warrant could not with reasonable objectivity rely in good faith on the magistrate's probable cause determination and on the technical sufficiency of the warrant.
Id. at 984. See also Pazos v. State, 654 So.2d 1000 (Fla. 4th DCA 1995) (holding that the good faith exception to exclusionary rule applied to allow for the admission of cocaine seized from defendant's residence notwithstanding that the affidavit supporting the search warrant did not show probable cause that any law was then being violated in the dwelling; reliability of informant was demonstrated, there was controlled buy as well as prior drug dealings between informant and occupant of dwelling, officers had informant in sight constantly except while he was inside the dwelling, there was firm connection between contraband and the premises, there were no false statements or representations in the affidavit, and officers' reliance on magistrate's determination of probable cause was objectively reasonable).
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Appellate jurisdiction is proper pursuant to rule 9.140(c) of the Florida Rules of Appellate Procedure.
[2] In U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984), the Supreme Court held that the exclusionary rule need not be applied to evidence obtained as the result of an illegal search when the officer conducting the search acted in objectively reasonable reliance on an invalid warrant.