972 So.2d 958 (2008)
STATE of Florida, Appellant,
v.
Billy Joe COOK, Appellee.
No. 5D07-1055.
District Court of Appeal of Florida, Fifth District.
December 14, 2007.
Rehearing Denied January 23, 2008.
*959 Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellant.
Darrell L. Brock, Daytona Beach, for Appellee.
TORPY, J.
The State seeks review of the order suppressing evidence in this child pornography case. The evidence was seized during a search of Appellee's home pursuant to a search warrant. The lower court determined that the affidavit in support of the warrant was devoid of sufficient facts to establish probable cause. Our de novo review causes us to conclude otherwise.
The affidavit in support of the warrant was based on information provided to police by Appellee's next door neighbor, Mr. Williams. The trial court determined that the information supplied by Mr. Williams was not reliable because it was not corroborated by police. We reject this conclusion because the information was provided by a citizen informant, and its reliability was therefore presumed. State v. Maynard, 783 So.2d 226, 230 (Fla.2001); State v. Woldridge, 958 So.2d 455, 459 (Fla. 2d DCA 2007); State v. Vallone, 868 So.2d 1278, 1279-80 (Fla. 4th DCA 2004).
The trial court also concluded that the information provided by Mr. Williams was insufficient to establish a fair probability that evidence of the alleged crime would be found. We again disagree. The affidavit revealed that Mr. Williams told police that he had access to Appellee's computer files through a shared hard wire connection. When he opened a file of Appellee's labeled "XXX," he saw 122 images of "young preteen girls in nude, sexually explicit positions." The neighbor said that none of the girls appeared over thirteen years of age and some appeared as young as six. This information was clearly sufficient to support the issuance of a search warrant. See Vallone, 868 So.2d at 1278-80 (citizen informant's observation of child pornography on computer files sufficient to establish probable cause for search).
Even assuming the information was insufficient, we also agree with the State that this is a classic case for the application of the good faith exception to the exclusionary rule. The police officers did not omit information or make misrepresentations in the affidavit. The sole debate *960 here is over the existence of probable cause. As we previously stated:
In this case, an experienced trial judge reviewed [the officer's] affidavit and determined that probable cause existed to justify the issuance of a search warrant. The police executed the search pursuant to the warrant issued by the judge. In order to reject the application of the good faith exception in this case, we would need to conclude that an objectively reasonable police officer would have a better understanding of the law of search and seizure and probable cause than did the trial judge who issued the warrant. We are not willing to do so.
No indication exists in the record that either the police officer or the trial judge was corrupt, dishonest, or acted in bad faith. Accordingly, this case is controlled by the principle we articulated in State v. Harris, 629 So.2d 983 (Fla. 5th DCA 1993):
The warrant was regular on its face and the affidavit upon which it was based was not so lacking in indicia of probable cause that the officer executing the warrant could not with reasonable objectivity rely in good faith on the magistrate's probable cause determination and on the technical sufficiency of the warrant.
State v. Watt, 946 So.2d 108, 110 (Fla. 5th DCA 2007) (quoting Harris, 629 So.2d at 984).
Accordingly, we reverse the lower court's order and remand this cause for further proceedings.
REVERSED AND REMANDED.
EVANDER, J., concurs.
SAWAYA, J., concurs in result only.