THOMAS, J.
Appellant appeals the denial of his dis-positive motion to suppress, arguing that the controlled buy was not sufficiently controlled to support issuance of a search warrant and that no probable cause exists to support a search warrant for a home. We find that the buy was sufficiently controlled; however, because we find that probable cause does not support issuance of the warrant to search the residence, we reverse Appellant’s conviction.
Appellant was arrested after a controlled buy occurred in a grocery store parking lot. Following the arrest, Officer David Hausner completed an affidavit to obtain a search warrant for the property at 2314 Truman Avenue, where two trailers were located, one badly damaged and unlivable, and one supplied by FEMA. The affidavit alleged that the premises were occupied by or under Appellant’s control and that officers had observed Appellant leaving the residence to go to the controlled buy. The affidavit then described Appellant’s activities following the buy, stating that he picked up a woman from another residence, then went to the FEMA trailer where he remained for a few minutes. After leaving the FEMA trailer, he was taken into custody in front of his uncle’s home. Officers saw his uncle on the phone for several minutes, then saw his uncle arrive at 2314 Truman Avenue, where he went to the door and then departed. Appellant’s vehicle was searched incident to his arrest; the officers found 20 grams of marijuana, but they did not find the recorded money which the informant had given Appellant in exchange for the 28 grams of cocaine sold to the informant. The affidavit stated that Appellant denied being at 2314 Truman Avenue and gave his address as 2702 Massachusetts Avenue, but officers found keys to both trailers in Appellant’s pockets.
Based on these facts as well as his law enforcement training, Officer Hausner averred in his affidavit that he had reason to believe that certain items of contraband were on the premises, including “cocaine, drug paraphernalia, records, ... receipts, notes, ledgers and other papers relating to the transporting, ordering, purchase, manufacture, and distribution of controlled substances; addresses and/or telephone books and papers reflecting names and phone numbers, electronically stored information, and U.S. currency.”
When reviewing a motion to suppress, an appellate court must accept a trial court’s findings of historical fact so long as those findings are supported by the record. State v. Gandy, 766 So.2d 1234, 1235 (Fla. 1st DCA 2000). The review of the trial court’s application of the law to the facts of the case is de novo. Id.
Section 933.18, Florida Statutes (2005), provides that a search warrant shall not be issued unless “(5) The law relating to narcotics or drug abuse is being violated therein.” For a warrant to be valid, it must contain an allegation that a present or known violation is occurring in *149 the home to be searched. State v. Bernie, 472 So.2d 1243, 1245 (Fla. 2d DCA 1985).
Appellant argues that the warrant was not valid, as it was based on mere speculation that narcotics laws were being violated within the Truman Avenue residence, not probable cause. Probable cause to issue a warrant is based on the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). “Probable cause means a ‘fair probability that contraband or evidence of a crime will be found’ ” in the particular place to be searched. State v. Diamond, 598 So.2d 175, 177 (Fla. 1st DCA 1992) (quoting U.S. v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)). When reviewing an affidavit for a search warrant, a magistrate’s task is to make a common sense and practical decision regarding whether the known facts establish probable cause. McNeely v. State, 690 So.2d 1337, 1338 (Fla. 1st DCA 1997). The magistrate’s initial determination that probable cause to issue a search warrant exists is entitled to great deference and must be upheld unless there was no substantial basis to conclude that probable cause did exist. State v. Howard, 666 So.2d 592, 594 (Fla. 4th DCA 1996).
Here, the'controlled buy clearly provided probable cause to search the site of the sale. See Howard, 666 So.2d at 595. The controlled buy did not provide probable cause to search the residence, however, because the facts, as alleged in the supporting affidavit, did not establish a fan-probability that the laundry list of items to be searched for would be found there. See Renckley v. State, 538 So.2d 1340, 1342 (Fla. 1st DCA 1989) (explaining that the affidavit did not connect the marijuana obtained through a controlled buy to appellant’s home when the allegation stated that the informant entered the home and left with a box that was later discovered to contain marijuana); Garcia v. State, 872 So.2d 326, 329-30 (Fla. 2d DCA 2004) (holding that warrant was invalid for lack of probable cause because the determination that cocaine was located within the residence was based on speculation, rather than a fair probability that it would be found there). While it could certainly be inferred that Appellant -might have other drugs and paraphernalia in the residence, this inference is nothing more than speculation, as in Garcia and Renckley; therefore, the supporting affidavit does not provide probable cause to search the Truman Avenue home.
Because we find that sufficient probable cause does not support issuance of the warrant, we must consider the State’s argument that the good faith exception to the exclusionary rule applies. See Renckley, 538 So.2d at 1342. The good faith exception does not exclude evidence obtained as the result of an invalid warrant and thus an illegal search when the officer conducting the search relied on an objectively reasonable, albeit invalid, warrant. Montgomery v. State, 584 So.2d 65, 67-68 (Fla. 1st DCA 1991). “Unless the warrant is based on an affidavit so lacking in indicia of probable cause as to render an official’s belief in its existence entirely unreasonable,” the good faith exception applies. Id. at 68 (citing U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). When a supporting affidavit fails to establish probable cause to justify a search, however, the good faith exception does not apply. Renckley, 538 So.2d at 1343; Garcia, 872 So.2d at 330; see also Howard v. State, 483 So.2d 844, 847 (Fla. 1st DCA 1986) (holding that the good faith exception does not apply when “[t]he supporting affidavit contains absolutely no allegation in regard to any infraction of the law occurring inside the home.”).
*150 As in Garcia and Renckley, because the supporting affidavit here fails to establish a nexus between the objects of the search and the residence to be searched, the good faith exception does not apply. 872 So.2d at 330, 538 So.2d at 1340. Appellant’s motion to suppress the evidence obtained as a result of the search warrant issued for the Truman Avenue residence should have been granted. Accordingly, we reverse Appellant’s conviction and sentence.
REVERSED.
WOLF and ROBERTS, JJ., concur.