MONACO, J.
 

 The State of Florida appeals an order of the trial court granting the motion of the appellee, Darwyn Rushing, to suppress evidence that was seized from his home pursuant to a search warrant. The trial court held that the supporting affidavit did not establish probable cause, that the search was thus unreasonable, and that the good faith exception did not apply. While the question of whether there was probable cause to underpin the search is a close question, we reverse because the good faith exception is applicable and the evidence seized should not have been suppressed.
 

 The good faith exception to the exclusionary rule has been the subject of much judicial labor. We have learned from the United States Supreme Court that the fact that a search may have been unreasonable does not necessarily mean that the exclusionary rule applies.
 
 See Illinois v. Gates,
 
 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The exclusionary rule is not an individual right, but rather it is to be applied only where its effect as a deterrent outweighs the substantial cost of letting a guilty party go free.
 
 See United States v. Leon,
 
 468 U.S. 897, 908-09, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In a relatively recent pronouncement on the subject the United States Supreme Court has said:
 

 To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. As laid out in our cases, the exclusionary rule serves to deter
 
 *747
 
 deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence. The error in this case does not rise to that level.
 

 Herring v. United States,
 
 555 U.S. 135, 129 S.Ct. 695, 702, 172 L.Ed.2d 496 (2009).
 

 As in
 
 Herring,
 
 the error, if any, in the present case simply does not measure up to conduct that could be called deliberate, reckless or grossly negligent, and we, therefore, conclude that the good faith exception applies.
 
 See also State v. Watt,
 
 946 So.2d 108 (Fla. 5th DCA 2007),
 
 review denied,
 
 51 So.3d 1156 (Fla.2010). Accordingly, we reverse the order granting suppression and remand for further action consistent with this opinion.
 

 REVERSED and REMANDED.
 

 PALMER and JACOBUS, JJ., concur.