# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-56
Lower Tribunal No. 14-700
_____

**Edward R. Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Edward R. Brown, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, SCALES and HENDON, JJ.

HENDON, J.

Edward R. Brown filed a petition for certiorari seeking review of the trial court's order denying post-conviction relief. We treat the petition for certiorari as an appeal from the denial of a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850(m) and affirm.

In December 2016, Edward R. Brown was convicted after jury trial (lower tribunal no. F14-700) of the following: Count 1, robbery with a firearm (carrying, actual possession, discharge); Count 2, attempted second degree murder, with a firearm (actual possession and discharge causing great bodily harm); Count 3, attempted second degree murder with a firearm (actual possession, threat). He went to trial and was convicted as charged. Brown qualified at sentencing as a prison releasee reoffender and as a violent career criminal, and was sentenced to mandatory life on all counts, to run concurrently, with a ten-year mandatory minimum sentence on all charges for firearm possession and discharge, also to run concurrently.

Brown's convictions and sentences were affirmed on direct appeal. Brown v. State, 263 So. 3d 1121 (Fla. 3d DCA 2019). Brown subsequently filed a 3.850(m) motion in which he claimed that the arrest warrant[1] was

---

[1] Three arrest warrants appear in the record. One is a nearly illegible copy of an unsigned, unfiled warrant. The two valid warrants in the record include a signed and certified copy filed in Miami-Dade County in 2014, and

2

defective because it was not stamped with a court seal for certification, and argued that as a result it was a void and invalid arrest warrant. He sought an evidentiary hearing or immediate release. In August 2020, the trial court denied the motion for failure to state a claim on which relief could be granted. What Brown files in this Court as a petition for certiorari is an appeal from the denial of 3.850(m) relief. We find that the record conclusively refutes the claim.

The valid arrest warrants in the record are signed by a judge, dated, and stamped with the court seal or certified for service. Further, Florida courts have consistently applied the good faith exception when the warrant is "regular on its face and the affidavit upon which it was based was not so lacking in indicia of probable cause that the officer executing the warrant could not with reasonable objectivity rely in good faith on the magistrate's probable cause determination and on the technical sufficiency of the warrant." Crain v. State, 914 So. 2d 1015, 1024 (Fla. 5th DCA 2005) (citing State v. Harris, 629 So. 2d 983, 984 (Fla. 5th DCA 1993)); State v. Emanuel, 153 So. 2d 839 (Fla. 2d DCA 1963) (holding an arrest warrant is

---

one sent to Lee County, South Carolina, to extradite Brown to Florida for the pending charges. We find Brown's argument, if directed to the one unsigned and unfiled warrant in the record, is without merit.

3

legally insufficient only when it wholly fails to charge an offense as defined by law).

Finally, we emphasize that the law is clear that even if Brown's arrest was illegal, this does not void his convictions or sentence. See, e.g., State v. Perkins, 760 So. 2d 85, 87 (Fla. 2000) ("Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction.") (quoting Gerstein v. Pugh, 420 U.S. 103, 119 (1975)). See also Frisbie v. Collins, 342 519, 522 (1952) ("This Court has never departed from the rule . . . that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'"). See also State v. Tillman, 402 So. 2d 19 (Fla. 3d DCA 1981) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution nor as a defense to a valid charge"); Thomas v. State, 494 So. 2d 240 (Fla. 4th DCA 1986).

Affirmed.